[Cite as *Grimsley v. Cain D.D.S., L.L.C.*, 2012-Ohio-5273.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| GLENDA GRIMSLEY | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellant | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 CA 00052 |
| CAIN DDS, LLC, et al. | |
| Defendants-Appellees | O P I N I O N |

CHARACTER OF PROCEEDING:    Civil Appeal from the Court of Common
Pleas, Case No.  2011 CV 02076

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    November 13, 2012

APPEARANCES:

For Plaintiff-Appellant

DAVID A. VAN GAASBEEK
1303 West Maple Stret
Suite 104
North Canton, Ohio  44720

For Defendants-Appellees

SUSAN C. RODGERS
NEIL BHAGAT
4518 Fulton Drive, NW, P. O. Box 35548
Canton, Ohio  44735-5317

*Wise, J.*

{¶1}   Plaintiff-Appellant Glenda Grimsley appeals the decision of the Court of Common Pleas, Stark County, which granted summary judgment in favor Appellees Cain DDS LLC and Dr. Stefanie Cain Nikodem in an age and gender employment discrimination lawsuit. The relevant facts leading to this appeal are as follows.

{¶2}   Appellant Grimsley is a former employee of Appellee Cain DDS LLC, a dental practice operated by Appellee Dr. Stefanie Cain Nikodem ("Dr. Cain"). Appellant's employment history for purposes of this case commenced on July 13, 1987, when she returned to the work force after raising eight children and began working for a predecessor dental practice owned and operated by Dr. T. K. Harris. In 1989, Dr. Harris sold the dental practice to Dr. Anthony Codispoti, who retained appellant as an employee. On or about January 26, 2004, Dr. Codispoti formed a limited liability company with Appellee Dr. Cain under the name "Anthony Codispoti DDS, Stefanie Cain Nikodem DDS LLC." From January 26, 2004 to September 1, 2010, Appellant Grimsley continued to work as an employee for the aforesaid Anthony Codispoti DDS, Stefanie Cain Nikodem DDS LLC.

{¶3}   On September 1, 2010, Dr. Codispoti sold his portion of the practice to Appellee Dr. Cain. At that time, Appellee Dr. Cain organized the dental practice under the name of "Cain DDS LLC." Appellant was thereupon retained as an employee of Appellees Cain DDS LLC and Dr. Cain. Appellant maintained her employment accordingly until January 13, 2011, as further discussed herein.

{¶4}   During the aggregate period of her employment with the various aforesaid dental practice entities, i.e., from July 13, 1987 to January 13, 2011, appellant did not

have any recorded disciplinary action taken against her. During December 2010, appellant told Dr. Cain and others in the office, in vague terms, that she would start considering retirement in December 2011.

{¶5} On or about January 13, 2011, appellant reported to work in the morning, but soon thereafter purportedly began to feel ill. Dr. Cain had given appellant a written memorandum directing her to follow up on some billing addresses; however, appellant wrote a note on the memo to the effect that the task should have been given to co-workers Gail McGrady or Liz Moore. Appellant then returned the memo and note to Dr. Cain's desk. Appellant at some point decided to leave work early. Instead of interrupting Dr. Cain, who was working on a patient, appellant, as she exited, informed co-worker Kim Miller that she was leaving because she was ill.

{¶6} For the remainder of the workday on January 13, 2011, appellant remained at home and rested. By about 4:00 PM, she began to feel better. However, at some point during that evening, Appellee Dr. Cain contacted appellant by telephone and informed her that her services were no longer needed at the dental practice. Dr. Cain also told appellant that her husband, Rob Nikodem, would be performing office duties at the practice.

{¶7} Appellant later discovered that appellees had hired Kristie Salazar, then age thirty, to work in the office effective in late January 2011.

{¶8} On July 7, 2011, appellant filed a complaint under R.C. 4112.02(A) in the Court of Common Pleas, Stark County, alleging age and gender discrimination by appellees.

{¶9} On January 18, 2012, appellees filed a motion for summary judgment.

{¶10} On February 13, 2012, the trial court issued a final judgment entry granting summary judgment in favor of appellees. In a nine-page decision, the court concluded that appellant had not set forth a genuine issue of material fact as to the existence of a prima facie case of employment discrimination, and, even assuming she had done so, she had failed to establish that her termination was a mere pretext for the alleged age discrimination.

{¶11} Appellant filed a notice of appeal on March 8, 2012. She herein raises the following three Assignments of Error:

{¶12} "I.  THE TRIAL COURT ERRED STATING THAT APPELLANT FAILED TO DEMONSTRATE THAT SHE WAS REPLACED BY A PERSON OF SUBSTANTIALLY YOUNGER AGE BECAUSE THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT THE APPELLANT WAS REPLACED BY A PERSON WHO WAS SUBSTANTIALLY YOUNGER THAN APPELLANT.

{¶13} "II.  THE TRIAL COURT ERRED BY RULING THAT THERE WAS NO GENUINE ISSUE OF MATERIAL FACT AS TO APPELLANT PROVING THAT APPELLEES' STATED REASON FOR DISCHARGE WAS PRETEXTUAL AND FALSE.

{¶14} "III.  THE TRIAL COURT ERRED BY RULING THAT THE APPELLANT WAS NOT REPLACED BY A MALE IN THAT THERE WAS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER OR NOT APPELLEES INTENDED TO REPLACE APPELLANT WITH A MALE ON JANUARY 13, 2011."

I.

{¶15} In her First Assignment of Error, appellant contends the trial court erred in granting summary judgment in favor of appellees on the issue of age discrimination regarding her alleged replacement by a younger worker. We disagree.

{¶16} Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶17} As an appellate court reviewing summary-judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically

point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *See Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

**{¶18}** Under Ohio law, a prima facie case of age discrimination may be proved either directly or indirectly. An employee "may establish a prima facie case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Hoyt v. Nationwide Mut. Ins. Co.,* Franklin App. No. 04AP–941, 2005-Ohio-6367, 2005 WL 3220192, ¶ 58, quoting *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus. If, however, the employee is unable to establish a causal link or nexus between the employer's discriminatory statements or conduct and the act that allegedly violated the employee's rights under the statute, then the employee has not proved age discrimination by the direct method of proof. *See Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145, certiorari denied (1997), 521 U.S. 1104, 117 S.Ct. 2480, 138 L.Ed.2d 989. Without direct proof of discrimination, an employee may establish a prima facie claim of age discrimination indirectly by demonstrating he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell*

*v. Bank One Trust Co., N.A.,* 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, ¶ 20.

{¶19} In the case sub judice, the trial court found no demonstration of direct evidence of age discrimination. See Judgment Entry, February 13, 2012, at 5. Appellant's present argument in the case sub judice correspondingly focuses on the issue of indirect evidence of age discrimination, particularly the factor regarding replacement by a person of substantially younger age. Appellant maintains that she was replaced by Kristie Salazar, born in 1980, who was thirty years of age in January 2011 and is approximately forty-four years younger than appellant.

{¶20} It appears undisputed that Dr. Cain's dental practice did not afford written job descriptions and detailed in-house procedures to its office employees. *See, e.g.,* Cain Depo. at 27, 34. However, appellant, in her deposition, described her job title as "office manager," a position she had held "for 23 ½ years." Grimsley Depo. at 25, 82. She described herself as the person who "paid all the bills" and as being in charge of accounts receivable and collection on patient accounts. *Id.* at 26. Appellant testified that she did not supervise any employee in the office (*id.* at 28), but she later stated that she "delegated" certain collection duties to office employees Gail McGrady and Liz Moore. *See id.* at 42.

{¶21} Appellees, in response, do not dispute that Salazar took over some of the job duties appellant had performed. See Appellees' Brief at 14. However, they maintain that the position of office manager no longer exists at the dental practice, and that

appellant's job duties have been absorbed by others, in addition to Salazar. *Id.*[1] We note Salazar's deposition includes the following exchange with appellant's counsel:

{¶22} "Q. What are your job duties now at Cain DDS LLC?

{¶23} "A. When I first started, I was doing kind of an audit of accounts and cleaning up the collections. I went kind of account by account and just - - there were a lot of outstanding insurance and just past due accounts that I cleaned up. Then I do front office, scheduling, answering the phones.

{¶24} "Q. Do you work with the SoftDent computer program?

{¶25} "A. I do.

{¶26} "Q. Do you do anything with insurance payments?

{¶27} "A. I do.

{¶28} "Q. Do you establish payment arrangements with patients for overdue balances?

{¶29} "A. Yeah, we do payments, payment arrangements with patients.

{¶30} "Q. Do you write off noncollectible accounts?

{¶31} "A. I do.

{¶32} "Q. Do you work with the collection agencies that the company employs?

{¶33} "A. Yes.

{¶34} "Q. Do you code patient accounts?

{¶35} "A. Code them as in - - as far as being in collections or - -

{¶36} "Q. Right.

---

[1] We nonetheless recognize Dr. Cain's concession that while appellant had "distinct other duties," because of the lack of written job policies in the dental practice, "there really wasn't a position [of office manager] to dissolve." See Cain Depo. at 35.

**{¶37}** "A. Yes.

**{¶38}** "Q. Do you produce bimonthly billing statements?

**{¶39}** "A. Yes. We actually do that as - - not a lot of us do those things.

**{¶40}** "Q. Do you produce reports concerning production, collection, and accounts receivable?

**{¶41}** "A. Yes, we do.

**{¶42}** "Q. Do you review outstanding insurance reports?

**{¶43}** "A. Yes.

**{¶44}** "Q. Do you order office supplies and clerical supplies?

**{¶45}** "A. I sometimes do.

**{¶46}** "Q. You said you answered the telephone and you schedule the patient appointments?

**{¶47}** "A. Uh-huh, yes." Salazar Depo. at 9-11.

**{¶48}** We also note the deposition testimony of employee Gail McGrady, who testified that appellant's job title was "office manager." McGrady Depo. at 9. She described Salazar as holding the position of "front desk," but specifically not "office manager." *Id.* at 24, 29. She also responded to the following questions by appellant's counsel:

**{¶49}** "Q. She [Salazar] pretty much does what Glenda did, correct?

**{¶50}** "A. I would say she's answering the phone and scheduling patients more than what Glenda did.

**{¶51}** "Q. Outside of that, she's doing what Glenda did?

**{¶52}** "A. As for posting checks and following up on accounts, yes, she does that like what Glenda did." McGrady Depo. at 26.

**{¶53}** Appellant, citing various references to the depositions, affidavits, and interrogatory answers in the record, nonetheless maintains that the evidence would show that Salazar is performing many of the job duties as appellant did when she worked for the dental practice. These include working with the SoftDent computer system, handling insurance payments, making payment arrangements with patients, writing off non-collectible accounts, working with collection agencies, coding patient accounts, producing bimonthly billing statements, producing reports concerning production, collection, and accounts receivable, reviewing outstanding insurance reports, ordering clerical and office supplies, answering the telephone and scheduling appointments. Appellant thus contends that Salazar essentially took over appellant's duties, thus satisfying the critical "replacement" element of the test for a prima facie case of age discrimination.

**{¶54}** This Court has recognized that assumption of duties does not constitute replacement. *See Yannarell v. GBS Corp.*, Stark App.No. 2009CA00025, 2009-Ohio-5254, ¶ 31, citing *Valentine v. Westshore Primary Care Assoc.,* Cuyahoga App. No. 89999, 2008-Ohio-4450, ¶ 86 (additional citation omitted). Furthermore, "[a] person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties * * *. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Id.* (additional citations and internal quotations omitted).

{¶55} In the case sub judice, even though Salazar replicated some, if not many, of the duties formerly handled by appellant, Dr. Cain specifically testified that Salazar and McGrady jointly became responsible for "handling the insurance" after appellant's termination and that "all are to a great extent" handling patient accounts. Cain Depo. at 27, 28. Dr. Cain also made clear that Salazar is not considered the new office manager of the practice. *Id.* at 35. As such, we are unpersuaded by appellant's reliance on *Beauchamp v. CompuServe, Inc.* (1998), 126 Ohio App.3d 17 and *Hall v. Banc One Mgmt. Corp.*, Franklin App.No. 04AP-905, 2006-Ohio-913, reversed on other grounds 114 Ohio St.3d 484. In *Beauchamp*, a company representative conceded that the new employee was "probably a full replacement" for the discharged employee; in *Hall*, the new employee had undertaken "a substantial portion, if not all" duties of the discharged employee. *See Beauchamp* at 27; *Hall* at ¶ 25.

{¶56} Upon review of the record, and in light of the aforesaid evidence, we conclude appellant has failed to demonstrate a genuine issue of material fact as to a prima facie case of age discrimination, as reasonable minds could only conclude that Salazar was utilized upon her hiring as part of a shared-duty approach to the dental practice's office work and that appellant's admitted position as office manager was never re-filled.

{¶57} Appellant's First Assignment of Error is therefore overruled.

II.

{¶58} In her Second Assignment of Error, appellant contends the trial court erred in concluding there was no genuine issue of material fact as to whether appellant showed that her discharge was pretextual.

**{¶59}** If a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to provide some legitimate, nondiscriminatory reason for the action taken. *Hoyt v. Nationwide Mut. Ins. Co., supra*, ¶ 59, citing *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer establishes a nondiscriminatory reason for termination, the employee then bears the burden of showing that the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5, 1998), Franklin App. No. 97APE12–1728, 1998 WL 886502; *Cruz v. S. Dayton Urological Assoc., Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675.

**{¶60}** Based on our holding in regard to appellant's first assigned error, we find the issue presented is moot. We therefore decline to address appellant's Second Assignment of Error.

III.

**{¶61}** In her Third Assignment of Error, appellant contends the trial court erred in determining that there was no genuine issue of material fact regarding appellant's claim of gender discrimination. We disagree.

**{¶62}** Appellant maintains that there is direct evidence in the record that indicates that on the evening of January 13, 2011, Appellee Dr. Cain expressed an intention to replace appellant with appellee's husband, Rob Nikodem. Appellant asserts that in the telephone call between appellant and Dr. Cain in the evening of appellant's last day on the job, Dr. Cain told her that Rob Nikodem would be replacing appellant and that he would learn the duties as he encountered them.

**{¶63}** "To establish direct evidence of discrimination through a supervisor's comments made in the workplace, the remarks must be clear, pertinent, and directly related to decision-making personnel or processes." *Egli v. Congress Lake Club*, Stark App.No. 2009CA00216, 2010-Ohio-2444, ¶ 32, quoting *Klaus v. Kilb, Rogal & Hamilton Co. of Ohio* (S.D.Ohio 2006), 437 F.Supp.2d 706, 725-726 (internal quotations and additional citations omitted). Furthermore, in order to constitute direct evidence, the employee's allegations must establish, without inferences, that the termination was predicated upon gender discrimination. *See McFee v. Nursing Care Mgmt. of America, Inc.*, 126 Ohio St.3d 183, 931 N.E.2d 1069, 2010-Ohio-2744, ¶ 34.

**{¶64}** Upon review, we find reasonable minds could only conclude that Dr. Cain's brief references to utilizing her husband to assist the dental practice following the events of January 13, 2011 was not direct evidence of gender discrimination, as urged by appellant.

**{¶65}** Appellant's Third Assignment of Error is overruled.

**{¶66}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.
Delaney, P. J., and
Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 1015

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


GLENDA GRIMSLEY                          :
                                         :
    Plaintiff-Appellant              :
                                         :
-vs-                                     :                  JUDGMENT ENTRY
                                         :
CAIN DDS, LLC, et al.                    :
                                         :
    Defendants-Appellees             :                  Case No. 2012 CA 00052



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


                                    _____


                                    _____


                                    _____

                                          JUDGES