SURRY, Appellant,

v.

CUYAHOGA COMMUNITY COLLEGE et al., Appellees.

[Cite as *Surry v. Cuyahoga Community College*, 149 Ohio App.3d 528, 2002-Ohio-5356.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81024.

Decided Oct. 3, 2002.

530

Caryn M. Groedel, for appellant.

Barton A. Bixenstine and Britt J. Rossiter, for appellees.

JAMES J. SWEENEY, Judge.

{¶ 1}  Plaintiff-appellant Dub Surry appeals from a judgment of the common pleas court that granted defendants-appellees Cuyahoga Community College ("CCC") and Alliston Moreland's motion for summary judgment on Surry's claims.  Upon review, we conclude that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law on Surry's claims.  Accordingly, we affirm the trial court's judgment.

{¶ 2}  A review of the record reveals the following facts:  Surry, a 65–year–old male, was hired as a security guard at CCC in 1974.  His employment was governed by a collective bargaining agreement.  In 1994, he began working at CCC's Eastern Campus in Highland Hills, Ohio. During most of his tenure at CCC's Eastern Campus, his immediate supervisor was Moreland.

{¶ 3}  Surry claims that shortly after Moreland became his supervisor, he began making comments to him about his age.  Specifically, that Moreland called him a "dinosaur," told him he was too old and that he needed to retire.  Surry also claims that Moreland made similar comments about him to Sue Flores, another CCC employee and union steward.

{¶ 4}  Surry made several complaints about Moreland's behavior to Flores, Herb Baker, CCC's EEO Coordinator, and Clayton Harris ("Chief Harris"), CCC's Chief of Public Safety.  Baker told Flores that he would speak with Moreland and tell him to stop making such comments.

{¶ 5}  On February 22, 2000, several weeks after Surry's complaint to Baker, a sixteen-year-old girl made a complaint to CCC's Department of Public Safety that Surry engaged in inappropriate conduct with her.  Specifically, the young girl alleged that Surry made remarks of a sexual nature to her and touched her buttocks.  The young girl prepared a written statement that day detailing what she alleged Surry had said and done.

{¶ 6}  CCC's Department of Public Safety conducted an investigation into the young girl's allegations against Surry and took statements from several different individuals.

{¶ 7}  On March 14, 2000, an investigatory hearing took place.  Surry was accompanied by his attorney.  At the hearing, Surry admitted that he had engaged in conversations with the young girl but denied making any sexual comments or touching her.

{¶ 8}  Following the hearing, Chief Harris concluded that Surry had engaged in inappropriate behavior with the young girl and decided to terminate his employment.  Dan Hauenstein, Director of Labor and Employee Relations, sent Surry a letter informing him of his discharge from CCC.

{¶ 9}  On May 23, 2001, Surry filed this complaint against CCC and Moreland alleging claims of age discrimination, age harassment, retaliation, intentional infliction of emotional distress, and wrongful discharge in violation of public policy.[1]

{¶ 10}  On December 17, 2001, defendants filed a motion for summary judgment, which was granted by the trial court on March 8, 2002.  It is from this decision that Surry now appeals and raises seven assignments of error for our review.  We will address plaintiff's assignments of error together as they all address the trial court's grant of summary judgment:

{¶ 11}  "I. The trial court erred in granting summary judgment with respect to plaintiff's claim of age discrimination when genuine issues of material fact existed on each element of plaintiff's claim.

{¶ 12}  "II. The trial court erred in granting summary judgment with respect to plaintiff's claim of retaliation when genuine issues of material fact existed on each element of plaintiff's claim.

---

1.  Surry's original complaint was filed on March 24, 2000.  He filed a notice of voluntary dismissal on March 30, 2001.

{¶ 13} "III. The trial court erred in granting summary judgment with respect to plaintiff's claim of intentional infliction of emotional distress when genuine issues of material fact existed on plaintiff's claim.

{¶ 14} "IV. The trial court erred with respect to plaintiff's claim of age harassment when a genuine issue of material fact existed on each element of plaintiff's claim.

{¶ 15} "V. The trial court erred in granting summary judgment with respect to plaintiff's claim of violation of public policy.

{¶ 16} "VI. The trial court erred in granting summary judgment by failing to draw all reasonable inferences in favor of appellant, the non-moving party.

{¶ 17} "VII. The trial court erred in granting summary judgment with respect to all of plaintiff's claims when a genuine issue of material fact existed as to whether Clayton Harris was truly the decision maker who decided that plaintiff's employment should be terminated."

{¶ 18} In these assignments of error, Surry claims that the trial court erred in granting summary judgment in favor of defendants because genuine issues of material fact existed concerning his claims for age discrimination, retaliation, intentional infliction of emotional distress, age harassment, and violation of public policy.

{¶ 19} An appellate court reviews a trial court's grant of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools* (1997), 122 Ohio App.3d 378, 701 N.E.2d 1023, citing *Dupler v. Mansfield Journal* (1980), 64 Ohio St.2d 116, 119–120, 413 N.E.2d 1187.

{¶ 20} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 21} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. that affirmatively demonstrate that the nonmovant has no evidence to support his claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293,

662 N.E.2d 264; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing that there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.

{¶ 22}   With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in defendants' favor was appropriate.

## A.   Age Discrimination

{¶ 23}   To set forth a prima facie case of age discrimination in an employment discharge action, the employee must show (1) that he was a member of the statutorily protected class;  (2) that he was discharged;  (3) that he was qualified for the position;  and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class.  *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807.

{¶ 24}   Once a prima facie case of discrimination is established, the employer may overcome the presumption by coming forward with a legitimate, nondiscriminatory reason for the discharge.  *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439.  The employee must then present evidence that the employer's proffered reason was a mere pretext for unlawful discrimination. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752.  The employee's burden is to prove that the employer's reason was false and that discrimination was the real reason for the discharge.  *Wagner v. Allied Steel & Tractor Co.* (1995), 105 Ohio App.3d 611, 617, 664 N.E.2d 987. Mere conjecture that the employer's stated reason is a pretext for intentional discrimination is an insufficient basis for the denial of a summary judgment motion made by the employer.  To meet his or her burden in response to such a summary judgment motion, the plaintiff must produce some evidence that the employer's proffered reasons were factually untrue.  *Powers v. Pinkerton, Inc.* (Jan. 18, 2001), Cuyahoga App. No. 76333, 2001 WL 60035.

{¶ 25}   Here, Surry was a member of a protected class because he was 65 years old.  He was also terminated from his position.  However, he failed to meet the other two elements.  Surry failed to show that he was qualified for the position.  In order to demonstrate qualification for a position, a plaintiff must show that he is capable of performing the work and that he is meeting the employer's legitimate expectations.  *Smith v. Greater Cleveland Regional Transit Auth.* (May 24, 2001), Cuyahoga App. No. 78274, 2001 WL 605405; *Ebright v. Video News Super Stores* (July 6, 2001), Lucas App. No. L–00–1369, 2001 WL 771008.   Here, although Surry presented evidence that he was capable of performing his duties as a patrol officer, he did not meet CCC's legitimate expectations of performance of his duties since there is a reasonable belief that

while on the job he engaged in inappropriate sexual conduct with a sixteen-year-old girl. Surry also failed to show that he was replaced by a person younger than he.

{¶ 26} Surry failed to meet his burden of establishing a prima facie case of age discrimination because he did not show that he was qualified for the position or that his dismissal permitted the retention of a employee who was not a member of the protected class. Therefore, Surry's argument that CCC's stated reason for his termination is pretextual is moot.[2] Accordingly, the trial court did not err in granting the defendants' motion for summary judgment on Surry's age discrimination claim.

### B. Retaliatory Discharge

{¶ 27} To prove a claim of retaliation, Surry must establish three elements: (1) that he engaged in protected activity, (2) that he was subjected to an adverse employment action; and (3) that a causal link exists between a protected activity and the adverse action. *Peterson v. Buckeye Steel Casings* (1999), 133 Ohio App.3d 715, 727, 729 N.E.2d 813.

{¶ 28} Once an employee successfully establishes a prima facie case, it is the employer's burden to articulate a legitimate reason for its action. Id. If the employer meets its burden, the burden shifts back to the employee to show that the articulated reason was a pretext. Id.

{¶ 29} "[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks* (1993), 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407. Mere conjecture that the employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment. *Powers v. Pinkerton*, supra. To avoid summary judgment, Surry was required to produce some evidence that CCC's proffered reasons were factually untrue. Id. Here, Surry has failed to satisfy his burden in this regard.

{¶ 30} Summary judgment will be granted to the employer even if the employee establishes a prima facie case, if the employee presents no evidence to rebut the employer's legitimate nondiscriminatory reason. *Borowski v. State Chem. Mfg. Co.* (1994), 97 Ohio App.3d 635, 641, 647 N.E.2d 230. Assuming arguendo that Surry has established a prima facie case of retaliation, CCC had a

---

2. Assuming arguendo that Surry had demonstrated a prima facie case, the claim does not survive because CCC demonstrated a nondiscriminatory explanation for the termination, i.e., the sexual harassment of a young student, and Surry cannot show that this explanation was a pretext or that the termination proceedings were motivated by intentional age discrimination.

legitimate business reason for terminating Surry. Specifically, CCC submits evidence that Surry was terminated because a young girl filed a complaint of sexual harassment against him.

{¶ 31} Faced with summary judgment, Surry failed to offer sufficient evidence that this justification for his termination was pretext. Merely speculating that he was "set up" and that the young girl made up the story or claiming that her allegations had inconsistencies is insufficient. See *Powers v. Pinkerton*, supra. Accordingly, the trial court did not err in granting defendants' motion for summary judgment on Surry's claim for retaliation.

C. Intentional Infliction of Emotional Distress

{¶ 32} In order to establish a claim of intentional infliction of emotional distress, Surry must show (1) that defendants either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to him, (2) that defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, (3) that defendants' actions were the proximate cause of Surry's psychic injury, and (4) that the mental anguish suffered by Surry is serious and of a nature that no reasonable man could be expected to endure it. *Burkes v. Stidham* (1995), 107 Ohio App.3d 363, 375, 668 N.E.2d 982. Serious emotional distress requires an emotional injury that is both severe and debilitating. Id.

{¶ 33} To recover for intentional infliction of emotional distress in Ohio, it is not enough that the defendant has acted with an intent that is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort. Liability is found only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Yeager v. Loc. Union 20* (1983), 6 Ohio St.3d 369, 374–375, 6 OBR 421, 453 N.E.2d 666.

{¶ 34} Here, Surry claims that the following actions on the part of defendants constituted reckless, wanton, extreme, and outrageous conduct: (1) Moreland, his supervisor, belittled him about his age and called him a "dinosaur" and a "relic"; (2) the young girl alleging sexual misconduct filed criminal proceedings against him[3]; and (3) he was terminated from his job.

---

**3.** Surry was picked up and arrested by the Highland Hills Police Department for gross sexual imposition and contributing to the delinquency of a minor. These charges were dropped by the city of Highland Hills.

{¶ 35}   We conclude that these allegations do not satisfy the elements of intentional infliction of emotional distress as a matter of law.   While we do not condone the conduct of Moreland, we find as a matter of law that no reasonable jury could find that the comments made by him constituted extreme and outrageous conduct.

{¶ 36}   Moreover, an employer is not liable for a plaintiff's emotional distress if the employer does no more than "insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress."   *Foster v. McDevitt* (1986), 31 Ohio App.3d 237, 239, 31 OBR 520, 511 N.E.2d 403.   Because CCC determined that Surry had engaged in sexual misconduct with a young student, CCC was entitled to terminate him, regardless of whether they knew or intended that the termination would add to his emotional distress.   Id. See, also, *Simonelli v. Anderson Concrete Co.* (1994), 99 Ohio App.3d 254, 262, 650 N.E.2d 488; *Hanly v. Riverside Methodist Hosp.* (1991), 78 Ohio App.3d 73, 82, 603 N.E.2d 1126.   Accordingly, the trial court did not err in granting defendants' motion for summary judgment on Surry's claim for intentional infliction of emotional distress.

D.   Age Harassment

{¶ 37}   In order to establish a claim of age harassment, Surry must show (1) that he is at least 40 years old;  (2) that he was subjected to harassment, either through words or actions, based on his age;  (3) that the harassment had the effect of unreasonably interfering with his work performance and creating an objectively intimidating, hostile, or offensive work environment;  and (4) that liability should attach to the employer.   *Crawford v. Medina Gen. Hosp.* (C.A.6, 1996), 96 F.3d 830, 834–835.

{¶ 38}   Not all workplace conduct that can be construed as offensive can be characterized as harassment forbidden by statute.   *Meritor Sav. Bank, FSB v. Vinson* (1986), 477 U.S. 57, 66–67, 106 S.Ct. 2399, 91 L.Ed.2d 49.   Rather, the conduct complained of must be severe or pervasive enough to create an environment that not only the victim subjectively regards as abusive but also a reasonable person would find hostile or abusive.   *Crawford v. Medina Gen. Hosp.*, supra.   Pursuant to this standard, conduct that is merely offensive is not actionable.   Id.

{¶ 39}   The court must examine the circumstances surrounding the conduct and must consider them within the framework of several factors to determine whether the conduct is actionable.   These factors include the following:

{¶ 40}   "(1) the conduct's frequency;

{¶ 41}   "(2) the conduct's severity;

{¶ 42} "(3) whether the conduct is physically threatening or humiliating; and

{¶ 43} "(4) whether the conduct unreasonably interferes with the victim's work performance." *Harris v. Forklift Sys., Inc.* (1993), 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295.

{¶ 44} With these factors in mind, we conclude that Moreland's behavior was not severe or pervasive and did not reasonably interfere with Surry's work performance.

{¶ 45} Surry complained of the following instances of Moreland's conduct toward him over a span of several years: (1) he constantly told him he was "too old"; (2) he constantly asked him "why don't you retire?"; (3) he called him "absentminded"; and (4) he told another employee, Sue Flores, that he was a "dinosaur" and a "relic."

{¶ 46} These comments, although rude, are simply not severe or pervasive enough to create an objectively hostile environment. Surry's complaints are of "mere offensive utterances," as opposed to physically threatening or humiliating conduct. Again, "not all workplace conduct that may be described as 'harassment' affects a 'term, condition or privilege' of employment within the meaning of Title VII." *Meritor*, 477 U.S. at 67, 106 S.Ct. 2399, 91 L.Ed.2d 49.

{¶ 47} Finally, since Surry remained an employee for at least six years under Moreland's supervision and always received average to above-average evaluations, he cannot prove that Moreland's actions toward him affected him in his work performance; indeed, he claims to like his job, despite Moreland's asserted abusiveness.

{¶ 48} The evidence shows that Surry cannot establish the elements necessary to support his claim of workplace age harassment. Accordingly, the trial court did not err in granting defendants' motion for summary judgment on the claim for age harassment.

E. Violation of Public Policy

{¶ 49} The origin of the tort of wrongful discharge in violation of public policy is the Ohio Supreme Court's decision in *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. *Greeley* provides that public policy warrants an exception to the employment-at-will doctrine when an employee is discharged or disciplined for a reason prohibited by statute. However, a *Greeley* cause of action is available only to at-will employees and may not be asserted by employees subject to a collective bargaining agreement. *Haynes v. Zoological Soc. of Cincinnati* (1995), 73 Ohio St.3d 254, 257, 652 N.E.2d 948.

{¶ 50}   Here, Surry was subject to a collective bargaining agreement.   Thus, he cannot assert a cause of action for wrongful discharge in violation of public policy.   Id. See, also, *Noday v. Mahoning Cty. Sheriff* (2002), 147 Ohio App.3d 38, 768 N.E.2d 726; *Wiegerig v. Timken Co.* (2001), 144 Ohio App.3d 664, 761 N.E.2d 118; *Kulak v. Mail–Well Envelope Co.* (Aug. 31, 2000), Cuyahoga App. No. 76974, 2000 WL 1231486; *Stallworth v. Greater Cleveland Regional Transit Auth.* (Nov. 5, 1998), Cuyahoga App. No. 73533, 1998 WL 774987.   Accordingly, the trial court did not err in granting defendants' motion for summary judgment on Surry's claim for wrongful discharge in violation of public policy.

## F.   Reasonable Inferences

{¶ 51}   Surry argues that the trial court considered the weight of the evidence and construed inferences in its decision to grant defendants' motion for summary judgment.   We disagree.   After reviewing the record, we conclude that the trial court made a thorough analysis of the evidence and correctly followed the requirements of Civ.R. 56(C) in making its determination that there was no evidence of substantial probative value to support Surry's claims.

## G.   Moreland's Status

{¶ 52}   Finally, Surry argues that there remains an issue of fact with regard to whether Moreland participated in the decision to terminate his employment. Based on our determination that Surry failed to meet his burden of establishing a prima facie case of age discrimination, we find this argument to be moot.   Surry failed to demonstrate that he was terminated because of his age.   Rather, the evidence shows that termination occurred because of his behavior at work. Accordingly, Moreland's alleged bias toward Surry and his role in the ultimate decision to terminate Surry's employment are irrelevant.

{¶ 53}   Appellant's first, second, third, fourth, fifth, sixth, and seventh assignments of error are overruled.

Judgment affirmed.

KENNETH A. ROCCO, P.J., and FRANK D. CELEBREZZE JR., J., concur.