PETERS, Appellant,

v.

ROCK–TENN COMPANY et al., Appellees.

[Cite as *Peters v. Rock–Tenn Co.*, 180 Ohio App.3d 10, 2008-Ohio-6444.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 08 CAE 04 0019.

Decided Dec. 9, 2008.

Law Offices of Russell A. Kelm, Russell A. Kelm, and Joanne W. Detrick, for appellant.

Moots, Carter & Hogan and Christopher E. Hogan; and Fox & Weiss, Clifford M. Weiss, and Loretta A. Smith, for appellees.

GWIN, Judge.

{¶ 1} Plaintiff-appellant, Eugene N. Peters, appeals the decision of the Court of Common Pleas, Delaware County, which granted summary judgment in favor of his former employer, defendant-appellee Rock–Tenn Company, and certain of Rock–Tenn Company's supervisory personnel, in his age-discrimination suit. Appellant assigns a single error to the trial court:

{¶ 2} "I. The trial court erred in granting defendants' motion for summary judgment on plaintiff's claim of age discrimination."

{¶ 3} The record indicates on January 10, 2007, appellant, then age 55, was terminated from his 25–year employment as a sales representative for appellee Rock–Tenn Company, a supplier of food-packaging products.

{¶ 4} On March 16, 2007, appellant filed a civil complaint for age discrimination against appellees Rock–Tenn Company, Rock–Tenn Services, Inc., Craig Gunckel (appellant's supervisor), and Michael Kiepura (vice-president and manager for the company's folding-carton division). Appellant also named another supervising

official, Chuck Obermeyer, as a defendant, but subsequently dismissed the claims against him without prejudice. Appellant alleged, among other things, that he had been assigned additional duties without adequate support and training, as a pretext for terminating his employment. Appellees answered on April 18, 2007.

{¶ 5} On February 1, 2008, appellees filed a motion for summary judgment. Appellant thereupon filed a memorandum contra, to which appellees replied on February 26, 2008. On March 18, 2008, the trial court granted appellees' motion for summary judgment.

{¶ 6} Civ.R. 56(C) provides:

{¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶ 8} As an appellate court reviewing summary-judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward*, Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 9} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶ 10} Under Ohio law, a prima facie case of age discrimination may be proved either directly or indirectly. An employee "may establish a prima facie

case of age discrimination directly by presenting evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *Hoyt v. Nationwide Mut. Ins. Co.*, Franklin App. No. 04AP–941, 2005-Ohio-6367, 2005 WL 3220192, ¶ 58, quoting *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus. If, however, the employee is unable to establish a causal link or nexus between the employer's discriminatory statements or conduct and the act that allegedly violated the employee's rights under the statute, then the employee has not proved age discrimination by the direct method of proof. See *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145, certiorari denied (1997), 521 U.S. 1104, 117 S.Ct. 2480, 138 L.Ed.2d 989. Without direct proof of discrimination, an employee may establish a prima facie claim of age discrimination indirectly by demonstrating he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co., N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, ¶ 20.

{¶ 11} The record in this case indicates that appellant was employed by appellee Rock–Tenn for 25 years. Appellant was responsible for sales of cartons used by restaurants and fast-food establishments throughout most the Midwest. His territory also included portions of the Mid–Atlantic, New England, Texas, and the Southwest. Over the course of the last several years of his employment, his sales averaged approximately $5 million annually. In late 2005, appellee Gunckel became appellant's direct supervisor. Gunckel had discussions with appellant regarding sales expectations; appellant was required to double his sales figures and was tasked with selling traditional folding cartons (as opposed to the fast food container line), which he had not previously sold. After appellant was terminated, he was replaced with a 43–year–old new hire, Richard Burklew, whose sales-goal figures were no higher than appellant's actual sales before he was terminated.

{¶ 12} Upon review of the record, and in light of the aforesaid evidence, we agree with the trial court there is a genuine issue of material fact as to whether appellant established a prima facie case of age discrimination.

{¶ 13} If a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to provide some legitimate, nondiscriminatory reason for the action taken. *Hoyt*, 2005-Ohio-6367, 2005 WL 3220192, citing *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer establishes a nondiscriminatory reason, the employee then bears the burden of showing that the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5, 1998),

Franklin App. No. 97APE12–1728, 1998 WL 886502; *Cruz v. S. Dayton Urological Assoc., Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675. The employee must demonstrate that the employer's nondiscriminatory reason was pretextual.

{¶ 14} Appellees contend that appellant was terminated for unsatisfactory job performance. Appellant notes that he received a bonus for fiscal year 2006 of $12,677.10, which was 14.41 percent of his salary; the company's target was just slightly higher at 15 percent. Appellant also directs us to a customer survey filled out by appellant's largest customer, Cole Harford, in August 2006. The survey came back with an overall score of 10, the highest rating. Gunckel had forwarded the results via e-mail, with the following note: "Great job [Appellant] Gene and Dan. Always good news to hear from satisfied clients."

{¶ 15} However, appellee presented evidence that during the four years prior to his termination, appellant's overall sales decreased each year versus the prior year's sales. Appellant opened only one new account in the final 39 months of his employment, with that account generating a total of $606 in sales commissions. Gunckel described appellant as "consistently among the poorest performers" under his supervision.

{¶ 16} Appellant argues that appellees' actions in doubling his sales quota, from $5 million per year to $10 million, and in adding a new product to his sales assignments, created a situation in which his previously good performance would suffer. Although his experience and his client base were in fast-food cartons, appellees assigned him to sell folding cartons in the Columbus and Cleveland area. Both cities were already covered by sales representatives who had been selling folding cartons in the area and who continued to sell there, while appellant was expected to generate new clients and sales. Appellant argues that appellees effectively set him up for failure so they could fire him.

{¶ 17} Appellant also directs us to comments by Dan Williams, general manager of one of appellees' carton plants, that he and appellant were "old Rock–Tenn." However, while age-related comments directed toward the employee may support an inference of age discrimination, isolated, ambiguous, or abstract comments cannot support a finding of age discrimination. *Hoyt*, 2005-Ohio-6367, 2005 WL 3220192, ¶ 61, citing *Robinson v. Nationwide Mut. Ins. Cos.* (Dec. 21, 2001), Lake App. No. 2000–L–119, 2001 WL 1647144; *Wilson v. Precision Environmental Co.*, Cuyahoga App. No. 81932, 2003-Ohio-2873, 2003 WL 21291062, ¶ 25.

{¶ 18} We find that reasonable minds could differ as to appellees' real reasons for terminating appellant's employment. The assignment of error is sustained.

{¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is reversed, and the cause is

remanded to the court for further proceedings in accord with law and consistent with this opinion.

Judgment reversed
and cause remanded.

HOFFMAN, P.J., concurs.

WISE, J., dissents.

WISE, Judge, dissenting.

{¶ 20} I respectfully dissent from the majority decision.

{¶ 21} As the majority notes, if the employer in an age-discrimination case establishes a nondiscriminatory reason for termination, the employee then bears the burden of showing that the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5, 1998), Franklin App. No. 97APE12–1728, 1998 WL 886502; *Cruz v. S. Dayton Urological Assoc., Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675. The employee must demonstrate that the employer's nondiscriminatory reason was false and that discrimination was the real reason for the action taken. *Wagner v. Allied Steel & Tractor Co.* (1995), 105 Ohio App.3d 611, 617, 664 N.E.2d 987.

{¶ 22} This court has recognized that "the fact that an employee does some things well does not mean that any reason given for his firing is a pretext for discrimination * * *. [U]nless he attacks the specific reasons for a given termination, a plaintiff who stresses evidence of satisfactory performance is simply challenging the wisdom of the employer's decision, which we have consistently refused to review." *Hershberger v. Altercare, Inc.*, Stark App. No. 2006CA00167, 2007-Ohio-1452, 2007 WL 926476, ¶ 68, quoting *Anderson v. Stauffer Chem. Co.* (C.A.7, 1992), 965 F.2d 397, 403. Likewise, mere conjecture that the employer's proffered reasons are pretextual is insufficient to withstand a summary-judgment motion. See *Surry v. Cuyahoga Community College*, 149 Ohio App.3d 528, 2002-Ohio-5356, 778 N.E.2d 91, ¶ 24. To avoid summary judgment, an employee must produce some evidence that the employer's proffered reasons were factually untrue. Id.

{¶ 23} In this case, as the majority recites at ¶ 15 of the opinion, evidence was presented that appellant's sales were down year over year for four straight years and that appellant opened only one new account in the final 39 months of his employment. Appellant's supervisor described him as "consistently among the poorest performers" in his group. Despite this, appellant does little to refute the evidence of his lack of augmentation of customer volume, but attempts to rely on his 2006 bonus figure and the Cole–Harford survey (see majority opinion at ¶ 14), which do little to address the issue of generating new sales for the company. I

would further emphasize that appellees also presented statistical evidence that the median age of the company's salesmen was 55; all were over the age of forty, and half were older than appellant. Appellant himself opined that the company "wanted *all* of their salespeople I believe to have somewhere in $10 million plus in sales."

{¶ 24} Upon review, I find that although a prima facie case of age discrimination may have been initially established by appellant in this case, reasonable jurors could conclude only that appellees' basis for termination of appellant was valid and nonpretextual; thus, reasonable jurors would not find that appellant was singled out and set up for failure on account of his age. I would therefore affirm the trial court's grant of summary judgment in favor of appellees on appellant's claim of age discrimination.