[Cite as *Price v. Kaiser Aluminum Fabricated Prods., L.L.C.*, 2013-Ohio-2420.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

DENNIS PRICE

    Plaintiff-Appellant

-vs-

KAISER ALUMINUM FABRICATED
PRODUCTS, LLC

    Defendant-Appellee

JUDGES:
Hon. William B. Hoffman, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 12 CA 72

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No.  11 CV 1208 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 5, 2013 |

APPEARANCES:

For Plaintiff-Appellant

JAMES R. COOPER
MORROW, GORDON & BYRD
33 West Main Street, P. O. Box 4190
Newark, Ohio  43058-4190

For Defendant-Appellee

TODD L. SARVER
STEPTOE  & JOHNSON
41 South High Street, Suite 200
Columbus, Ohio  43215

*Wise, J.*

{¶1} Plaintiff-Appellant Dennis Price appeals the decision of the Court of Common Pleas, Licking County, which granted summary judgment in favor of Defendant-Appellee Kaiser Aluminum Fabricated Products, LLC, on appellant's civil complaint for wrongful discharge and age discrimination.[1] The relevant facts leading to this appeal are as follows.

{¶2} Appellant was formerly employed with appellee, a producer of fabricated aluminum products, as a steelworker and, later, a supervisor in the company's remelt department. Appellant started with the company in 1973, but resigned in 1994. He worked a couple of different jobs for a few years, but then came back as an employee of appellee in 1998.

{¶3} In March 2011, appellee terminated appellant, then age sixty, following an outside audit of the company's computers and e-mail records. Appellee's stated basis for the termination was appellant's violation of appellee's computer use policy, as further analyzed infra.

{¶4} On September 6, 2011, appellant filed a civil complaint against appellee in the Licking County Court of Common Pleas, alleging wrongful discharge and age discrimination under federal and Ohio law, as well as breach of contract and promissory estoppel claims.

{¶5} On April 30, 2012, appellee filed a motion seeking summary judgment on all counts in the complaint. On June 8, 2012, appellant filed a memorandum in opposition to the summary judgment motion. However, appellant therein effectively

---

[1]    Defendant-Appellee was named in the underlying lawsuit as "Kaiser Aluminum & Chemical Corporation."

dropped his federal age discrimination claim on the basis of non-fulfillment of the procedural requirements necessary to maintain such an action. On June 26, 2012, appellee filed a reply in support of its motion.

{¶6} On August 28, 2012, the trial court issued a judgment entry granting appellee's summary judgment motion on all counts. The court concluded that appellant had failed to present evidence of direct age discrimination, and that although appellant had showed a prima facie case of age discrimination, he could not overcome appellee's legitimate, non-discriminatory reason for terminating him (i.e., using a company computer to circulate sexually explicit material). The court also determined that appellant failed to demonstrate a claim for promissory estoppel and that appellant could not show the existence of a contract addressing the duration of his employment. See Judgment Entry at 2-5.

{¶7} On September 26, 2012, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶8} "I. THE TRIAL COURT COMMITTED ERROR IN ITS DECISION AND JUDGMENT THAT THERE WERE NOT GENUINE ISSUES OF MATERIAL FACT CONCERNING WHETHER APPELLANT WAS THE SUBJECT OF AGE DISCRIMINATION IN VIOLATION OF SECTIONS 4112.02, 4112.04, AND 4112.99 OF THE OHIO REVISED CODE AND OHIO LAW IN CONNECTION WITH THE TERMINATION OF APPELLANT'S EMPLOYMENT BY APPELLEE.

{¶9} "II. THE TRIAL COURT COMMITTED ERROR IN ITS DECISION AND JUDGMENT THAT THERE WERE NOT GENIUNE ISSUES OF MATERIAL FACT CONCERNING WHETHER APPELLEE BREACHED AN EMPLOYMENT CONTRACT

WITH APPELLANT AND WHETHER APPELLANT WAS ENTITLED TO RELIEF UNDER THE LEGAL DOCTRINE OF PROMISSORY ESTOPPEL."

I.

{¶10} In his First Assignment of Error, appellant (former employee) contends the trial court erred in granting summary judgment in favor of appellee (former employer) on appellant's age discrimination claims under Ohio law. We disagree.

{¶11} Civ.R. 56(C) provides, in pertinent part: " *** Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *."

{¶12} As an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court. *Porter v. Ward,* Richland App. No. 07 CA 33, 2007-Ohio-5301, 2007 WL 2874308, ¶ 34, citing *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of

material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence that demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. A fact is material when it affects the outcome of the suit under the applicable substantive law. *See Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

### *Direct Age Discrimination Case*

{¶13} Under Ohio law, a prima facie case of age discrimination may be proved either directly or indirectly. *See, e.g.*, *Peters v. Rock-Tenn Co.*, 180 Ohio App.3d 10, 903 N.E.2d 1256, 2008-Ohio-6444, ¶ 10. In order to establish a direct prima facie case of age discrimination, an employee " *** present[s] evidence, of any nature, to show that an employer more likely than not was motivated by discriminatory intent." *See Hoyt v. Nationwide Mut. Ins. Co.,* Franklin App. No. 04AP–941, 2005-Ohio-6367, 2005 WL 3220192, ¶ 58; *Mauzy v. Kelly Servs., Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272, paragraph one of the syllabus. If, however, the employee is unable to establish a causal link or nexus between the employer's discriminatory statements or conduct and the act that allegedly violated the employee's rights under the statute, then the employee has not proved age discrimination by the direct method of proof. *Hershberger v. Altercare, Inc.*, Stark App.No. 2006CA00167, 2007-Ohio-1452, ¶ 62,

citing *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145.

{¶14} Appellant first directs us to comments made by his supervisor, Dan Lilly, on Lilly's first day in that position in 2008. These comments were, in essence, simple questions by Lilly as to how long appellant had been with the company and when he planned to retire. See Price Depo. at 72. However, "[t]o establish direct evidence of discrimination through a supervisor's comments made in the workplace, the remarks must be clear, pertinent, and directly related to decision-making personnel or processes." *Egli v. Congress Lake Club*, Stark App.No. 2009CA00216, 2010-Ohio-2444, ¶ 32, quoting *Klaus v. Kilb, Rogal & Hamilton Co. of Ohio* (S.D.Ohio 2006), 437 F.Supp.2d 706, 725-726 (internal quotations and additional citations omitted). Upon review, we find reasonable minds could only conclude that Lilly's brief and innocuous inquiries in this regard did not establish direct evidence of age discrimination, as urged by appellant.

{¶15} Appellant also contends that the record would show that other employees impacted by the computer audit were given progressive discipline rather than termination, as further detailed *infra*. However, "[d]irect evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys., Inc.* (6th Cir. 2004), 360 F.3d 544, 548. We agree with appellee's response herein that such actions by the company would potentially fall under the category of indirect evidence of discrimination, rather than direct.

*Indirect Age Discrimination Case*

**{¶16}** Without direct proof of discrimination, an employee may establish a prima facie claim of age discrimination indirectly by demonstrating he or she (1) was a member of the statutorily protected class, (2) was discharged, (3) was qualified for the position, and (4) was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co., N.A.,* 101 Ohio St.3d 175, 803 N.E.2d 781, 2004-Ohio-723, ¶ 20.

**{¶17}** In the case sub judice, appellant's age puts him in a statutorily protected class for his present claim (*see* R.C. 4112.14), and the fact of his discharge is undisputed. He was a management employee without prior disciplinary action and was generally performing the duties of his position. He was replaced by a person of substantially younger age. Appellee herein does not dispute the existence of a prima facie case. See Appellee's Brief at 12.

**{¶18}** Upon review of the record, and in light of the aforesaid facts, we conclude appellant has demonstrated a genuine issue of material fact as to a prima facie case of age discrimination.

**{¶19}** We thus move on to the next step in the analysis. If a plaintiff establishes a prima facie case of age discrimination, the burden shifts to the employer to provide some legitimate, nondiscriminatory reason for the action taken. *Hoyt v. Nationwide*, supra, at ¶ 59, citing *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. If the employer establishes a nondiscriminatory reason for termination, the employee then bears the burden of showing that the employer's proffered reason was a pretext for impermissible discrimination. *Owens v. Boulevard Motel Corp.* (Nov. 5,

1998), Franklin App. No. 97APE12–1728, 1998 WL 886502; *Cruz v. S. Dayton Urological Assoc., Inc.* (1997), 121 Ohio App.3d 655, 659, 700 N.E.2d 675. The employee must demonstrate that the employer's nondiscriminatory reason was false and that discrimination was the real reason for the action taken. *Wagner v. Allied Steel & Tractor Co.* (1995), 105 Ohio App.3d 611, 617, 664 N.E.2d 987. Mere conjecture that the employer's proffered reasons are pretextual is insufficient to withstand a summary-judgment motion. See *Surry v. Cuyahoga Community College*, 149 Ohio App.3d 528, 2002-Ohio-5356, 778 N.E.2d 91, ¶ 24.

**{¶20}** Appellant admitted in his deposition that he had transmitted at least some sexually explicit materials via his work computer during working hours. *See* Price Depo. at 32-55. Many of them were sent by persons outside of the company, but appellant forwarded them to some of his fellow employees. The audit revealed images including nude women, male/female oral sex, female/female oral sex, and a link to a website entitled "Boob Test," which entailed multiple pictures of female breasts. On February 23, 2011, appellant received another image of females engaging in oral sex, in response to which he sent the following e-mail: "Friends, please don't send anything like this to me anymore. The cocksuckers I work for are cracking down, fired 1 guy last week for emails. It's been a good run."

**{¶21}** Appellant has maintained that he did not forward emails to persons who would be offended, nor did he send them to any female employees. However, appellee's reason for termination was based on its computer use policy, which expressly prohibited "inappropriate use" and stated that the computer system "must not be used to transmit any communications that contain *** [s]exually explicit material."

The policy also states in pertinent part: "Penalties for computer users who violate any Kaiser I/T Policy *may include immediate discharge* or other disciplinary action as set forth in Kaiser's Code of Business Conduct ***." (Emphasis added). Appellant and a 41-year-old co-worker were ultimately terminated; three co-workers ranging from age 35 to 61 were given written warnings; and four co-workers ranging from age 48 to 53 were given verbal warnings. Appellant does not herein assert that these three levels of discipline were somehow unrelated to the level of sexually explicit e-mails or images sent or received.

{¶22} Upon review, although a prima facie case of age discrimination was initially established by appellant under Ohio law, we find reasonable jurors could conclude only that appellee's basis for termination of appellant was nondiscriminatory and nonpretextual; thus, reasonable jurors would not find that appellant was subjected to age discrimination via his termination. Therefore, we hold summary judgment was properly granted in favor of appellee in that regard.

{¶23} Appellant's First Assignment of Error is overruled.

II.

{¶24} In his Second Assignment of Error, appellant argues that summary judgment in favor of appellee was improper as to his claims based on breach of contract and promissory estoppel. We disagree.

*Employment Contract Claim*

{¶25} Appellant first claims that summary judgment in favor of appellee was not warranted based on his claim that appellee breached certain alleged contracts of employment.

**{¶26}** Generally, under Ohio law, at-will employment relationships may be terminated by either party at any time for any reason not contrary to law. *Escott v. Timken Co.*, 153 Ohio App.3d 529, 795 N.E.2d 64, 2003-Ohio-3370, ¶ 12, citing *Bucher v. Sibcy Cline, Inc.* (2000), 137 Ohio App.3d 230, 235, 738 N.E.2d 435. There is a strong presumption of at-will employment under Ohio law. *See Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 102-103. However, there is a well-established exception to the at-will doctrine based on contract theory; in other words, an employee may be able to establish that there exists "either an express or an implied contract to overcome the presumption of an at-will relationship." *See Reasoner v. Bill Woeste Chevrolet, Inc.*(1985), 134 Ohio App.3d 196, 200, 730 N.E.2d 992.

**{¶27}** Appellant herein relies on two assertions of a contract for employment. The first is language from his written employment agreements for non-bargaining personnel, both of which deal largely with the protection of proprietary information and intellectual property. The agreements, one in 1986 (when he became a supervisor) and one in 1999 (after he resumed employment in 1998), both state in pertinent part: "[Appellee Kaiser Aluminum] employs and shall continue to employ [Appellant] Price at such compensation and for such a length of time as shall be mutually agreeable to [Appellee] and [Appellant]." Upon review, we find this agreement language to be so indefinite regarding such fundamental terms as salary, duration, and mutual expectations that it cannot overcome the presumption of at-will employment.[2]

---

[2] Although our research has uncovered no Ohio case law addressing the "as shall be mutually agreeable" language, we note a California appellate court has interpreted similar language as merely creating a contract of employment terminable at will. *See Malmstrom v. Kaiser Aluminum & Chemical Corp.* (1986), 187 Cal.App.3d 299, 316, 231 Cal.Rptr. 820.

**{¶28}** Appellant secondly relies on statements made by his plant manager, Eric Engermeir, which appellant claims increased his expectations of continued employment until his time of planned retirement. Appellant testified that when he told Engermeir that he intended to retire at age 62, Engermeir responded that appellant "wasn't getting out before [Engermeir] did" and told appellant "you can't leave me here, I need you." Price Depo. at 69. However, " *** subjective interpretation of praise given for [one's] work, leading to a personal but objectively unfounded sense of job security, cannot alter in law the at-will nature of [one's] job status." *Reasoner*, *supra*, quoting *Weiper v. W.A. Hill & Assoc.* (1995), 104 Ohio App.3d 250, 258, 661 N.E.2d 796, 801. Moreover, appellant fails to explain how the Statute of Frauds (R.C. 1335.05), which in Ohio covers an employment agreement for a period of more than one year (*see, e.g., Soteriades v. Wendy's of Fort Wayne, Inc.* (1986), 34 Ohio App.2d 222, 224), would be satisfied by the above isolated verbal statements of Engermeir.

**{¶29}** We therefore find no genuine issue of material fact in regard to appellant's contract-based claim.

### *Promissory Estoppel Claim*

**{¶30}** Another exception to the at-will doctrine is based on the application of promissory estoppel. Promissory estoppel is an equitable doctrine for preventing the harm resulting from reasonable reliance upon false representations. *GGJ, Inc. v. Tuscarawas Cty. Bd. of Commrs.,* Tuscarawas App.No. 2005AP070047, 2006-Ohio-2527, ¶ 11, citing *Karnes v. Doctors Hosp.* (1990), 51 Ohio St.3d 139, 142, 555 N.E.2d 280. The party asserting promissory estoppel bears the burden of proving, by clear and convincing evidence, all of the elements of the claim. *In re Estate of Popov,* Lawrence

App. No. 02CA26, 2003-Ohio-4556, ¶ 30. The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance. *Schepflin v. Sprint-United Telephone of Ohio* (April 29, 1997), Richland App.No. 96-CA-62-2, 1997 WL 1102026, citing *Stull v. Combustion Engineering, Inc.* (1991), 72 Ohio App.3d 553, 557, 595 N.E.2d 504.

**{¶31}** Appellant again directs us to the statements made by his plant manager, Eric Engermeir, which appellant claims he relied upon as a promise of job security until his retirement. However, even comments by an employer to the effect that an employee has a secure future or position with the company have been found to be insufficient to establish a clear promise for purposes of a promissory estoppel claim. *See Anders v. Specialty Chemical Resources, Inc.* (1997), 121 Ohio App.3d 348, 351-52; *Clipson v. Schlessman* (1993), 89 Ohio App. 3d 230, 233-34. Furthermore, appellant conceded that he did not have any other job offers and did not attempt to find another job during his second tenure of employment with appellee from 1998 to 2011. See Price Depo. at 71. As such, we find he cannot show reasonable, detrimental reliance upon any purported promise. Furthermore, we find no merit in appellant's contention that the "[p]enalties *** may include immediate discharge or other disciplinary action" language in the computer use policy created a reasonable expectation that appellee would apply progressive discipline to a long-serving employee.

{¶32}  We therefore find no genuine issue of material fact in regard to appellant's promissory estoppel-based claim.

*Conclusion*

{¶33}  The trial court did not err in granting summary judgment to appellee on appellant's claim of breach of employment contract and claim for relief under the doctrine of promissory estoppel.

{¶34}  Appellant's Second Assignment of Error is overruled.

{¶35}  For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

_____

_____

_____

                                              JUDGES

JWW/d 0520

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DENNIS PRICE                              :
                                         :
    Plaintiff-Appellant               :
                                         :
-vs-                                      :          JUDGMENT ENTRY
                                         :
KAISER ALUMINUM FABRICATED                :
PRODUCTS, LLC                             :
                                         :
    Defendant-Appellee                :          Case No. 12 CA 72


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to appellant.


                           _____

                           _____

                           _____

                                    JUDGES