[Cite as *Thomas v. PNC Bank, N.A.*, 2018-Ohio-4000.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 106548

# SONIA THOMAS

PLAINTIFF-APPELLANT

vs.

# PNC BANK, N.A.

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-872063

**BEFORE:** Stewart, P.J., Blackmon, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 27, 2018

[Cite as *Thomas v. PNC Bank, N.A.*, 2018-Ohio-4000.]

**ATTORNEYS FOR APPELLANT**

Brian D. Spitz
Fred M. Bean
Spitz Law Firm
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122

**ATTORNEYS FOR APPELLEE**

Alexander R. Frondorf
Littler Mendelson P.C.
1100 Superior Avenue, 20th Floor
Cleveland, OH 44114

Caroline Turcotte
Gary Lieberman
Locke Lord L.L.P.
One International Place, Suite 2700
Boston, MA 02110

[Cite as *Thomas v. PNC Bank, N.A.*, 2018-Ohio-4000.]
MELODY J. STEWART, P.J.:

{¶1} When plaintiff-appellant Sonia Thomas broke both of her hands, her employer, defendant-appellee PNC Bank, N.A., placed her on short-term disability leave. During the disability-leave period, PNC discovered that Thomas had committed several policy and procedure violations that predated her injury. When Thomas returned to work, she was immediately put on paid administrative leave pending investigation into the work violations. She was discharged one week later while still on paid administrative leave. Thomas brought this action claiming that she had been wrongfully discharged due to disability discrimination. The case proceeded to trial, but the court directed a verdict in PNC's favor at the close of Thomas's case-in-chief. The court ruled that Thomas had no evidence to show that she was disabled at the time of discharge because her injuries were "transitory and minor" and as a matter of law did not constitute a disability. The court also concluded that Thomas failed to establish that she was terminated because PNC perceived her as being disabled.

{¶2} Thomas maintains in her first assignment of error that in order to establish a prima facie case of disability discrimination, a plaintiff need only show that she has been "perceived" as having a physical impairment, regardless of how severe the injury might be, or whether she was actually disabled. She maintains that she presented evidence that PNC viewed her as being disabled, so the court erred by directing a verdict on grounds that her injuries were "transitory and minor."

{¶3} It is unlawful for any employer to discharge, without just cause, an employee because of disability. *See* R.C. 4112.02(A). In this context, a "disability" can be both actual or perceived. An actual disability is a "physical or mental impairment that substantially limits one or more major life activities." R.C. 4112.01(A)(13). A perceived disability is when a person, whether or not actually impaired, is "regarded as having a physical or mental impairment." *Id*.

**{¶4}** In a case like this where there is no direct evidence of disability discrimination, an employee can make out a prima facie case of disability discrimination under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As applied to cases of perceived disability discrimination, the employee must show that (1) he or she was perceived as disabled, (2) that the employer took an adverse employment action against the employee because of the perceived disability, and (3) that the employee, although perceived as disabled, can safely and substantially perform the essential functions of the job in question. *Hood v. Diamond Prods.*, 74 Ohio St.3d 298, 302, 1996-Ohio-259, 658 N.E.2d 738, *Copen v. CRW, Inc.*, 9th Dist. Wayne No. 17AP0016, 2018-Ohio-2347, ¶ 21, citing *Jaber v. FirstMerit Corp.*, 9th Dist. Summit No. 27993, 2017-Ohio-277, 81 N.E.3d 879, ¶ 13.

**{¶5}** "The federal Americans with Disabilities Act ('ADA') is similar to the Ohio handicap discrimination law. * * * We can look to regulations and cases interpreting the federal Act for guidance in our interpretation of Ohio law." *Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 573, 1998-Ohio-410, 697 N.E.2d 204, citing *Little Forest Med. Ctr. v. Ohio Civ. Rights Comm.*, 61 Ohio St.3d 607, 575 N.E.2d 1164 (1991). *See also Ames v. Ohio Dept. of Rehab. & Corr.*, 2014-Ohio-4774, 23 N.E.3d 162, ¶ 26 (10th Dist.) ("Ohio disability discrimination law is similar to the Federal Americans with Disabilities Act ('ADA'), and therefore Ohio courts may seek guidance in the interpretation of the ADA.").

**{¶6}** Under the ADA, an individual is "regarded as" disabled if he or she "has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. 12102(3)(A). In 2008, amendments to the ADA extended protection to individuals who were the subject of adverse employment action because the individual was perceived as being impaired, even if the individual had impairments that did not substantially limit any major life activity.

{¶7} The ADA states, however, that an individual will not be regarded as disabled based on an actual or perceived impairment that is "transitory and minor." *Id.*; *Silk v. Bd. of Trustees*, 795 F.3d 698, 706 (7th Cir.2015). "A transitory impairment is an impairment with an actual or expected duration of 6 months or less." 42 U.S.C. 12102(a)(3)(B). The "transitory and minor" standard applies "no matter what" the employee may be able to prove about how an employer perceived the employee's physical condition. *White v. Interstate Distrib.*, 438 Fed.Appx 415, 420 (6th Cir.2011).

{¶8} The "transitory and minor" standard is a defense to a discrimination claim:

> To establish this defense, a covered entity must demonstrate that the impairment is both "transitory" and "minor." Whether the impairment at issue is or would be "transitory and minor" is to be determined objectively. A covered entity may not defeat "regarded as" coverage of an individual simply by demonstrating that it subjectively believed the impairment was transitory and minor; rather, the covered entity must demonstrate that the impairment is (in the case of an actual impairment) or would be (in the case of a perceived impairment) both transitory and minor. For purposes of this section, "transitory" is defined as lasting or expected to last six months or less.

29 C.F.R. 1630.15(f).

{¶9} This is an objective standard — the employer "must prove that the perceived impairment actually was transitory and minor." *Silk, supra*; *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259-260 (3d Cir.2014). "[B]roken bones, generally, are characterized as being 'transitory and minor' for purposes of ADA disability definitions." *See Clark v. Boyd Tunica, Inc.*, N.D.Miss. No. 3:14-cv-00204-MPM-JMV, 2016 U.S. Dist. LEXIS 25223, 17 (Mar. 1, 2016) (collecting cases); *Zick v. Waterfront Comm. of New York Harbor*, S.D.N.Y., 2012 U.S. Dist. LEXIS 144920 (Oct. 4, 2012) (broken leg with an expected duration of 8 to 10 weeks was "transitory" or "minor" and therefore not covered).

{¶10} We review the facts supporting a directed verdict most favorably to the party against whom the verdict was directed and decide, as a matter of law, whether the court erred by finding that reasonable minds could come to but one conclusion on the evidence. *See* Civ.R. 50(A)(4); *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 14.

**{¶11}** There was no dispute on the facts describing Thomas's injury. Thomas suffered her injury on May 16, 2014. PNC approved her request for disability leave from May 19, 2014, to June 8, 2014. Although Thomas originally thought that she would return to work on June 8, 2014, her leave was extended to July 3, 2014. Thomas testified that her broken bones "pretty much healed after six weeks." She also agreed that upon her return from medical leave, she was not prevented from working in any way. It was undisputed that the return-to-work authorization issued by her doctor contained no physical limitations or restrictions, nor did Thomas tell PNC that she had any work limitations or restrictions.

**{¶12}** As a matter of law, Thomas's injury was transitory and minor because her injury had an actual or expected duration of six months or less. And when an injury is transitory and minor, the "regarded as" prong of the prima facie test does not apply. *Budhun*, 765 F.3d 245; *Neely v. Benchmark Family Servs.*, 640 Fed.Appx 429, 436 (6th Cir.2016); *Michalesko v. Freeland Borough*, 658 Fed.Appx 105, 107 (3d Cir.2016); *Adair v. Muskogee*, 823 F.3d 1297, 1306 (10th Cir.2016).

{¶13} Thomas argues that we should not adopt the federal "transitory and minor" standard because it conflicts with Ohio cases; notably, *Field v. MedLab Ohio, Inc.*, 8th Dist. Cuyahoga No. 97990, 2012-Ohio-5068, where we quoted *Ross v. Campbell's Soup Co.*, 237 F.3d 701, 706 (6th Cir.2001), for the proposition that "[a]n individual may fall into the definition of one regarded as having a disability if an employer ascribes to that individual an inability to perform the functions of a job because of a medical condition, when, in fact, the individual is perfectly able to meet the job's duties." *Id.* at ¶ 11. We see no contradiction. *Field* made the unremarkable point that an employee can be regarded as disabled even if that employee is not actually disabled — in other words, a discharge on the basis that an employee was "perceived" to be disabled was actionable discrimination. The "transitory and minor" standard under federal law does not deal with what the employer thought about an employee's injury, but whether the injury itself rose to the level of impairing a major life activity. Brief periods of illness or injury do not rise to the level of impairing a major life activity for purposes of the discrimination law. Congress stressed that "'the intent of this ["transitory and minor"] exception is to prevent litigation over minor illnesses and injuries, such as the common cold, that were never meant to be covered by the ADA.'" 9 *Larson on Employment Discrimination*, Section 153.09 (2018), quoting Joint Hoyer-Sensenbrenner Statement on the Origins of the ADA Restoration Act of 2008, H.R. 3195. Applying this federal standard does no damage to Ohio precedent on disability discrimination.

{¶14} Even if Thomas's injuries were not transitory and minor, there was no evidence to show that PNC continued to regard her as disabled when she returned to work following the expiration of her disability leave. In cross-examination, Thomas agreed that no one at PNC ever said anything negative or derogatory to her about her injuries. There was no evidence that Thomas separately told PNC that she had any restrictions on her ability to perform her job, nor did PNC mention her disability to her when her leave ended.

{¶15} Thomas argues that PNC viewed her as disabled by virtue of placing her on "disability" leave, but this is a tautology relying solely on the label used to describe the type of leave. The way in which PNC defined a disability for purposes of its disability leave policy was irrelevant to the statutory definition of what constitutes an impairment of a major life activity. When transitory and minor injuries do not constitute impairments for purposes of being regarded as disabled, the label attached to the type of leave afforded to an injured employee is of no consequence. In fact, if Thomas is correct that the use of the word "disability" to describe the type of leave somehow controlled with respect to PNC's perception of her physical condition, it logically follows that when her disability leave ended and she reported to work, PNC would no longer perceive her as disabled. There is no factual dispute that when Thomas returned to work, she was immediately placed on administrative leave. That Thomas was placed on administrative leave when she returned, and not continuing disability leave, Thomas's own logic shows that PNC did not regard her as disabled when she returned to work.

{¶16} Our conclusion necessarily moots Thomas's second assignment of error complaining that the court erred by excluding PNC's disability leave policy and precluding testimony regarding its requirements. *See* App.R. 12(A)(1)(c). Even if the court erred by refusing to admit PNC's disability leave policy into evidence, the fact remains that Thomas could not make out a "perceived" claim of disability discrimination given the transitory and minor nature of her injuries.

**{¶17}** Our conclusion likewise moots Thomas's third assignment of error that the court erred by directing a verdict because Thomas did not present any evidence of pretext. With Thomas having failed to establish a prima facie case of discrimination, we need not consider whether PNC's reasons for terminating her were pretext for disability discrimination. *Surry v. Cuyahoga Community College*, 149 Ohio App.3d 528, 2002-Ohio-5356, 778 N.E.2d 91, ¶ 26 (8th Dist.); *Grimsley v. Cain D.D.S., L.L.C.*, 5th Dist. Stark No. 2012 CA 00052, 2012-Ohio-5273, ¶ 60.

**{¶18}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
ANITA LASTER MAYS, J., CONCUR