[Cite as *PNC Bank, N.A. v. Weaver*, 2013-Ohio-2765.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| PNC BANK, N.A. | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.    25627 |
| v. | : | T.C. NO.    12CV6698 |
| JAMES L. WEAVER, et al. | : | (Civil appeal from Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____28th_____ day of _____June_____, 2013.

. . . . . . . . . .

CHARLES F. ALLBERY III, Atty. Reg. No. 0006244 and CANICE J. FOGARTY, Atty. Reg. No. 0010046, 137 N. Main Street, Suite 500, Dayton, Ohio 45402
       Attorneys for Plaintiff-Appellee

EDWARD J. DUFFY JR., Atty. Reg. No.  0018980, P. O. Box 76, 32 N. Dixie Drive, Vandalia, Ohio 45377
       Attorney for Defendants-Appellants

DOUGLAS TROUT, Atty. Reg. No. 0072027, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
       Attorney for Montgomery County Treasurer

. . . . . . . . . .

FROELICH, J.

{¶ 1} James and Yvonne Weaver appeal from a judgment of the Montgomery County Court of Common Pleas, which granted summary judgment to PNC Bank, N.A., on its foreclosure claims and entered a judgment and decree of foreclosure. For the following reasons, the trial court's judgment will be affirmed.

I.

{¶ 2} In September 2012, PNC Bank filed suit against the Weavers,[1] claiming that they had defaulted on their promissory note and mortgage concerning the property located at 2220 Cardinal Avenue in Dayton, Ohio. The bank alleged that the Weavers had promised to pay National City Bank the principal amount of $60,700 with interest of 8.125%, that the Weavers were in default, and that there was presently due $50,357.03, including interest calculated through September 5, 2012. PNC Bank stated that it was successor in interest by merger to National City Bank and that it was the holder of the note and mortgage. PNC Bank sought judgment on the note, foreclosure of the mortgage, reimbursement of any money advanced for the protection of the property during the pendency of the action, and the sale of the property. PNC Bank attached copies of the note and mortgage to its complaint.

{¶ 3} Service on the Weavers of the complaint and summons by certified mail was unsuccessful; the envelopes were returned to the clerk's office as "unclaimed." The Weavers were subsequently served by ordinary mail. The Weavers did not file an answer or otherwise respond to the complaint.

{¶ 4} On November 28, 2012, the trial court issued a notice that several parties,

---

[1] The complaint named other potentially interested parties, including the Montgomery County Treasurer, JP Morgan Chase Bank, Capital One Bank (USA), and the Ohio Department of Taxation. These parties are not relevant to this appeal.

including the Weavers, were in default, and it asked PNC Bank to review whether a motion for default judgment was appropriate. When PNC Bank failed to file a motion for default judgment, the trial court issued a show cause order requiring PNC Bank to indicate why the action should not be dismissed for lack of prosecution.

{¶ 5} Five days later, PNC Bank moved for summary judgment on its claims. The bank supported its motion with an "Affidavit of Status of Account" by Rodney Carpenter, an "authorized signer" of PNC Bank. Carpenter stated that he had reviewed PNC Bank's business records for the Weavers' account and that PNC Bank is the holder of and has the right to enforce the promissory note for $60,700 that was executed by the Weavers, along with a mortgage, on October 13, 1995. Carpenter further stated that PNC Bank "has not transferred possession of the Note since it was given possession of the Note by National City Bank, Dayton * * *." Carpenter indicated that the Weavers had failed to make payments on the note as of April 1, 2011, that $42,308.17 was due and owing, with interest of 8.125%, as of March 1, 2011, and that PNC Bank had elected to call the entire balance due, in accordance with the terms of the note and mortgage. Carpenter stated that "true copies" of the note and mortgage were attached as Exhibits A and B, but no documents were attached to the affidavit.

{¶ 6} The Weavers were not served with the summary judgment motion and affidavit. Rather, the motion and accompanying affidavit were served electronically on Attorney Edward Duffy, Jr., who, at that juncture, had not entered an appearance in the trial court as counsel for the Weavers.

{¶ 7} On December 24, 2011, the trial court filed an "entry setting submission

date," which stated that the Weavers' response to the motion for summary judgment was due on or before January 3, 2013 and that PNC Bank's reply memorandum was due on January 10, 2013. The entry reflects that copies of the entry were to be sent to the Weavers by ordinary mail.

{¶ 8} The Weavers failed to respond to the motion for summary judgment. On January 11, 2013, the trial court granted the bank's motion and, on January 17, issued a judgment and decree of foreclosure in favor of PNC Bank. The Weavers timely appealed from the trial court's judgment.

II.

{¶ 9} The Weavers raise two assignments of error on appeal. Their first assignment of error claims that the trial court set a deadline of January 3, 2013 for their response to the motion for summary judgment, but they did not receive the court's entry until January 4, 2013. In support of their argument, the Weavers have attached to their appellate brief a copy of an envelope, postmarked January 4, 2013, which purportedly contained the entry setting the submission date and deadlines for responding to the motion for summary judgment. The Weavers state that the trial court "declined to change or extend [the] deadline date and decided on Jan. 10, in favor of Plaintiff."

{¶ 10} The Weavers' second assignment of error claims that PNC Bank "failed to show good faith or fair dealing in pursuing mortgage foreclosure" by sending out letters indicating that the bank was considering "various types of relief on monthly mortgage payments."

{¶ 11} At the outset, we emphasize that this matter is before us on a direct appeal

from the trial court's grant of summary judgment to PNC Bank. Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club*, *Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). In ruling on a motion for summary judgment, the trial court considers the admissible evidentiary materials submitted by the parties in support of or in opposition to the motion for summary judgment. See Civ.R. 56(C); *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Those materials may include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, filed in the action." *Dresher* at 293; Civ.R. 56(C).

{¶ 12} In conducting an appellate review, this court is limited to the trial court record as it existed at the time the trial court rendered judgment. *E.g., Fifth Third Bank v. Fin. S. Office Partners, Ltd.,* 2d Dist. Montgomery No. 23762, 2010-Ohio-5638. And, "[a]s an appellate court reviewing summary judgment issues, we must stand in the shoes of the trial court and conduct our review on the same standard and evidence as the trial court." *Price v. Kaiser Aluminum Fabricated Prods., LLC*, 5th Dist. Licking No. 12 CA 72, 2013-Ohio-2420, ¶ 12.

{¶ 13} When a party seeks to have a judgment set aside based on matters outside of the record, the proper remedy generally is to file a motion for relief from judgment, pursuant to Civ.R. 60(B). Civ.R. 60(B) permits trial courts to relieve parties from a final

judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted, (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B), and (3) the motion is made within a reasonable time and, for reasons under Civ.R. 60(B)(1)-(3), not more than one year after judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc*., 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. All of these requirements must be satisfied, and the motion should be denied if any one of the requirements is not met. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 15.

**{¶ 14}** Here, the Weavers argue that summary judgment was improper, because the Weavers did not receive the trial court's submission entry until after their time for responding to the summary judgment had expired. They state that they contacted the trial court after their time had expired, but before summary judgment was granted, and the trial court refused to grant them a continuance to respond. Neither the envelope attached to their appellate brief nor the Weavers' alleged contact with the trial court regarding their time to respond is part of the trial court record.

**{¶ 15}** The Weavers also claim that PNC Bank did not act in good faith because it sent letters to the Weavers indicating that the bank was considering "various types of relief

on monthly mortgage payments" while, at the same, pursuing its foreclosure action. As with the envelope, the letters that PNC Bank purportedly sent are not part of the record and were not before the trial court when the court ruled on the bank's motion for summary judgment.

{¶ 16}  Although the Weavers' allegations regarding their receipt of the submission entry may support grounds for relief under Civ.R. 60(B), this is not a proper argument for a direct appeal from the trial court's grant of summary judgment. Similarly, their arguments that the trial court failed to grant them a continuance and that PNC Bank acted in bad faith are not appropriate on direct appeal from the summary judgment ruling, when the trial court record contains no indication that such events occurred. If the Weavers believe they have grounds for relief from judgment under Civ.R. 60(B), they may be able to pursue that avenue with the trial court. We state no opinion on the merits of such a motion.

{¶ 17}  In their reply brief, the Weavers cite to *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, in which the Supreme Court of Ohio held that standing is jurisdictional and must exist when a lawsuit is commenced. A party need not rely on Civ.R. 60(B) if the basis for setting aside the judgment is lack of subject matter jurisdiction. "If a trial court lacks subject matter jurisdiction to render a judgment, the order is void ab initio and may be vacated by the court's inherent power, even without the filing of a Civ.R. 60(B) motion." *State v. Wilfong*, 2d Dist. Clark No. 2000-CA-75, 2001 WL 256326, * 2 (Mar. 16, 2001).

{¶ 18}  The Weavers do not argue that PNC Bank lacks standing. Rather, they cite to *Schwartzwald* to emphasize that financial institutions should be held "to the same

standards as everyone else in seeking judgments."

{¶ 19}   Upon review of the record before us, we find no error in the trial court's grant of summary judgment.   Carpenter's affidavit in support of PNC Bank's summary judgment motion was sufficient to establish that PNC Bank had standing at the time the complaint was filed and that it was entitled to judgment as a matter of law on its claims. The Weavers did not respond to the motion for summary judgment.   Accordingly, the trial court properly found, based on the material before it, that PNC Bank was entitled to judgment in its favor.

{¶ 20}   The assignments of error are overruled.

{¶ 21}   The trial court's judgment will be affirmed.


. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Charles F. Allbery III
Canice J. Fogarty
Edward J. Duffy Jr.
Douglas Trout
Hon. Timothy N. O'Connell