FROELICH, J., dissenting:
{¶ 85} I dissent and would hold that the trial court erred in rendering summary judgment to State Farm, because State Farm failed to meet its burden to establish that res judicata applied.
{¶ 86} As noted by the majority, the standard for reviewing a summary judgment ruling is well established, and it need not be repeated here. However, I emphasize that the moving party, in this case, State Farm, had an "initial burden" of affirmatively demonstrating that no genuine issue of material fact remained to be litigated. Mitseff v. Wheeler , 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).
{¶ 87} An appellate court reviews a trial court's grant of summary judgment de novo. In doing so, the appellate court "is limited to the trial court record as it existed at the time the trial court rendered judgment." PNC Banks, N.A. v. Weaver , 2d Dist. Montgomery No. 25627, 2013-Ohio-2765, 2013 WL 3356549, ¶ 12.
{¶ 88} In support of its motion for summary judgment, State Farm attached a copy of the October 20, 2015 "Decision, Order and Entry Sustaining the Motion of Defendant, Danny Norman, for Summary Judgment" in Hicks I . The trial court in this case also had before it certain agreed-upon facts, as well as the State Farm policy attached to Hicks' complaint, which State Farm agreed, in its Answer, was a true and accurate copy of the policy and endorsements issued by State Farm. (State Farm's Answer did not agree to the authenticity of the car rental documents also attached to Hicks' complaint. Accordingly, *870 those documents did not constitute Civ.R. 56 evidence.) No additional portions of the record in Hicks I were provided.
{¶ 89} The parties do not dispute, and the summary judgment decision in Hicks I substantiates, that Hicks I involved three defendants-Roy Crackle III, Danny Norman, Sr., and Larry Abbott. However, the October 20 summary judgment ruling in Hicks I concerned only Hicks' negligent entrustment claim against Norman, and the trial court did not certify that ruling as a final appealable order, pursuant to Civ.R. 54(B). "[A]n order that neither disposes of all claims between the parties nor contains an express determination that there is no just reason for delay is an interlocutory order. * * * When an order of a trial court is interlocutory, the order remains subject to revision or modification by the trial court until and unless the order is certified as suitable for appeal, or the action is finally terminated as to all claims and all parties. Once a final judgment is issued terminating a case, all interlocutory orders are merged into the final judgment." (Citations omitted.) Lingo v. Ohio Cent. RR. v. Norfolk S. Ry. , 10th Dist. Franklin No. 05-AP-206, 2006-Ohio-2268, 2006 WL 1230679, ¶ 17. See Dibert v. Carpenter , 2017-Ohio-689, 85 N.E.3d 419, ¶ 49 (2d Dist.) (quoting Lingo ).
{¶ 90} Given the limited record before us, I state no opinion as to whether the Hicks I summary judgment ruling was, in fact, a final appealable order. To make such a determination would require a review of the record in Hicks I , which is not before us and was not properly before the trial court when it made the decision under review. Rather, I conclude that the Civ.R. 56 evidence before the trial court did not establish that a valid final judgment was entered in Hicks I . Again, the October 20 summary judgment ruling in Hicks I was, on its face, interlocutory, and State Farm provided no additional evidence to establish that a valid final judgment was subsequently entered by the time the trial court issued the judgment now on appeal.
{¶ 91} Based on the record before us, State Farm did not establish that the summary judgment ruling in favor of Norman in Hicks I constituted a valid final judgment for purposes of res judicata. Accordingly, I would reverse the trial court's judgment and remand for further proceedings.