DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, David and Susan Dudas, appeal from the decision of the Summit County Court of Common Pleas which granted the motion for summary judgment of Appellee, Robert J. Belinger. We affirm.
 {¶ 2} On June 8, 2001, Appellants filed a complaint against Appellee alleging professional negligence.[1] Thereafter Appellee filed an answer and a motion for summary judgment. Appellants responded in opposition. Upon finding that Appellants failed to offer any evidence regarding duty and proximate cause, the court granted summary judgment in favor of Appellee. It is from this decision that Appellants timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR
"The trial court erred when it granted summary judgment in this case because there are issues of material fact that warrant a jury trial."
 {¶ 3} In their sole assignment of error, Appellants maintain that the trial court erred when it granted Appellee's motion for summary judgment. Appellants contend that they presented evidence demonstrating that reasonable minds could conclude that Appellee's actions constituted professional negligence. We disagree.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 5} An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 6} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 7} In their complaint, Appellants assert that Appellee negligently represented Appellants in connection with the purchase of real estate. Specifically, Appellants assert that Appellee's failure to advise them that a "boundary survey of the subject premises was warranted constitutes professional negligence by [Appellee]."
 {¶ 8} To establish a cause of action for legal malpractice based on negligent representation, one must show (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; (3) the attorney's failure to conform to the standard required by law; and (4) a causal connection between the conduct complained of and the resulting damage. Vahila v. Hall (1997), 77 Ohio St.3d 421, 427. See, also Krahnv. Kinney (1989), 43 Ohio St.3d 103, 105.
 {¶ 9} In the present matter, Appellants were interested in buying several adjactent parcels of property in the Akron area. Appellee was retained by Appellant David to draft the purchase agreement. Appellee faxed a draft agreement to Appellant David on December 7, 2000. At this time, Appellant David became confused about the dimensions of the property; the legal description provided by the seller indicated that the property was 179 feet by 260 feet. Appellant David was unable to calculate the 260 feet frontage on Perkins. Appellant David then contacted Appellee and asked him to check the measurements. Appellee inspected the tax records filed with the recorders office and reported to Appellant David that the "tax maps do show 260' front on Perkins."
 {¶ 10} Thereafter, Appellant David stated that, on or about December 27th or 29th of 2000, he was made aware of a size discrepancy when his architect performed a survey. Appellant David testified that on the 28th or 30th of that same month he physically went to the property and took his own measurements. He indicated that he calculated the property line to be 197 feet on Perkins rather than the 260 feet as represented by the seller. Appellant David then contacted Appellee and informed him of his findings. Appellee researched the matter and discovered that Appellant David was correct. Appellee then contacted Appellant David and informed him that the tax maps were incorrect and that the 260 feet measurement was an error.
 {¶ 11} Addtionally, Appellant David readily admitted that he read the Purchase Agreement ("Agreement"), which was drafted by Appellee, in its entirety. Section 8(E), of the Agreement, reads:
"Promptly after the date of the Agreement, Buyer, at Buyer's cost, may cause a registered surveyor to make a boundary or location survey for the Property. If a survey shall disclose any matter which materially and adversely affects the use or value of the Property, then Buyer may so notify Seller and the Escrow Agent in writing no later than the Financing Deadline (or, if there is no financing contingency, 14 days prior to the Closing Date), in which event such matter shall be deemed to be a Title Objection."
 {¶ 12} Appellant David, however, despite his knowledge of the size discrepancy, still consummated the deal on January 2, 2001. He now maintains that Appellee had the duty to 1) advise him that a boundary survey was warranted and 2) provide a written disclosure indicating his involvement with the title company.
 {¶ 13} Initially we note that Appellants have failed to provide any legal authority for the proposition that Appellee was required to provide a written disclosure documenting his involvement with the relevant title agency. An appellant has the burden of affirmatively demonstrating error on appeal. Angle v. W. Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at 2; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at 4. As such, an appellant must provide citations to authorities supporting his or her brief as required by App.R. 16(A)(7) and Loc.R. 7(A)(7). Otherwise, an appellate court may disregard the assignment of error. See App.R. 12(A)(2) and App.R. 16(A)(7). Moreover, "[i]f an argument exists that can support this [alleged] error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, at 18. Accordingly, we disregard this inadequately argued alleged error. See id., citing App.R. 12(A)(2) and 16(A)(7).
 {¶ 14} Furthermore, we find that Appellee, through the deposition testimony of Appellant David, has put forth evidence demonstrating the absence of a genuine issue of material fact. Appellant David's own testimony reveals that he had full knowledge of the discrepancy before title passed on January 2, 2001. Appellants have failed to offer any evidence demonstrating that Appellee had an obligation to advise Appellants to obtain a survey or that there was a causal connection between the alleged wrongdoing and any resulting damage.
 {¶ 15} Thus, as Appellants have failed to meet the burden imposed by Dresher, we find that summary judgment was correctly granted in Appellee's favor. Appellants' sole assignment of error is overruled.
 {¶ 16} Appellants' assignment of error is overruled. The decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
BAIRD, J., and WHITMORE, J CONCUR.
[1] Although Wannamaker's Management, Inc., Jim Cummins Real Estate, Inc. and Cleveland Title Services Agency, Ltd. were also named as defendants in Appellant's initial complaint, the allegations against them were thereafter voluntarily dismissed by Appellant.