DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Bruce Pine, appeals the order of the Summit County Court of Common Pleas, which granted appellee's, Haddox Installation Services, LLC, motions for reconsideration and for stay of judgment. This Court vacates the order.
 I. {¶ 2} Appellant filed a nine-count consumer action complaint against appellee on February 23, 2004. On April 2, 2004, appellant filed a motion for default judgment, which the trial court granted on April 5, 2004. The trial court then scheduled the matter for a hearing on damages. On June 4, 2004, the trial court awarded judgment to appellant against appellee in the amount of $59,116.00; costs of the action including expert witness fees in the amount of $1,066.02; attorney fees in the amount of $4,417.50; and interest at the statutory rate of 10% from June 4, 2004.
 {¶ 3} On July 27, 2004, Attorney David Weimer entered a notice of appearance on behalf of appellee. Appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B) the same day. On September 3, 2004, the trial court issued a judgment entry denying appellee's motion for relief from judgment based on appellee's failure to demonstrate grounds for relief pursuant to Civ.R. 60(B).
 {¶ 4} On September 15, 2004, appellee filed a motion for reconsideration, requesting only that the trial court reconsider and vacate its June 4, 2004 judgment entry awarding damages to appellant. Although captioned as a motion for reconsideration, appellee argued that the June 4, 2004 judgment entry should be vacated pursuant to Civ.R. 60(B)(1) and/or(3). Therefore, appellee's motion was substantively a renewed motion for relief from judgment pursuant to Civ.R. 60(B). Appellee claimed surprise in that it had never received notice of the damages hearing or appellant's memorandum in support of damages, and further claimed misrepresentation or other misconduct by appellant's attorney with whom appellee was engaged in settlement negotiations.
 {¶ 5} On September 24, 2004, appellee filed a motion for stay of judgment, asserting that it was in the process of appealing the trial court's September 3, 2004 judgment entry. On September 27, 2004, appellee filed its notice of appeal. That matter was before this Court as Pine v.Haddox Installation Servs., LLC, 9th Dist. No. 22346.
 {¶ 6} While appellee's appeal was pending, the trial court issued an order on October 6, 2004, granting appellee's motion for reconsideration and vacating the June 4, 2004 judgment entry and granting appellee's motion for stay of judgment. The trial court further scheduled the matter for a rehearing on damages on November 18, 2004. Apparently in reliance on the trial court's October 6, 2004 order, appellee moved to dismiss its appeal before this Court. The motion was granted on October 28, 2004.
 {¶ 7} Appellant now appeals the trial court's October 6, 2004 order, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR RECONSIDERATION FILED BY DEFENDANT/APPELLEE, HADDOX INSTALLATION SERVICES, LLC ON SEPTEMBER 15, 2004[.]"
 {¶ 8} Appellant argues that the trial court erred by granting appellee's motion for reconsideration and vacating the June 4, 2004 judgment entry. This Court agrees.
 {¶ 9} This Court has recognized the Ohio Supreme Court's holding that "a motion for reconsideration of a final judgment is a nullity." Easleyv. Alltronics, Inc. (Oct. 1, 1997), 9th Dist. No. 18200, citing Pitts v.Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 379. Further, any order issued upon a motion for reconsideration of a final judgment is a nullity. Easley. Accordingly, the trial court's October 6, 2004 judgment entry vacating the June 4, 2004 judgment entry which entered judgment in favor of appellant and awarded damages is a nullity.
 {¶ 10} In addition, this Court notes that appellee's motion for reconsideration was substantively a renewed motion for relief from judgment pursuant to Civ.R. 60(B). The Ohio Supreme Court has held that, once a case has been appealed, "the trial court is divested of jurisdiction except `over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *'" State exrel. State Fire Marshal v. Curl (2000), 87 Ohio St.3d 568, 569, quotingState ex rel. Special Prosecutors v. Judges, Court of Common Pleas
(1978), 55 Ohio St.2d 94, 97. The Supreme Court has further expressly held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." Howard v. Catholic SocialServs. of Cuyahoga Cty., Inc. (1994), 70 Ohio St.3d 141, 147, citingState ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992),63 Ohio St.3d 179, 181. The trial court may only consider a Civ.R. 60(B) motion for relief from judgment after the filing of an appeal, if the appellate court has remanded the matter to the trial court for such consideration, thereby conferring jurisdiction upon the trial court.Howard, 70 Ohio St.3d at 147, citing Klinginsmith v. Felix (1989),62 Ohio App.3d 147, 151. This Court did not do so. Accordingly, the trial court lacked jurisdiction to consider appellee's motion for reconsideration or 60(B) motion. Appellant's first assignment of error is sustained. The trial court's October 6, 2004 judgment entry is vacated.
 ASSIGNMENT OF ERROR II
"The trial court erred in granting the motion for stay of judgment filed by Haddox Installation Services, Llc on September 24, 2004[.]"
 {¶ 11} Appellant argues that the trial court erred by granting appellee's motion for stay of judgment. This Court finds this assignment of error to be moot.
 {¶ 12} App.R. 7 (A) provides that a party may apply to the trial court for a stay of the judgment pending appeal. Although appellee filed its motion for stay prior to the filing of its notice of appeal, the trial court granted the motion during the pendency of appellee's appeal. Appellee's motion, however, only requested a stay "until the completion of the appellate process." Appellee voluntarily dismissed its appeal on October 28, 2004. Therefore, the stay of judgment necessarily terminated on that date. Appellant's second assignment of error is moot.
 III. {¶ 13} Appellant's second assignment of error is moot. Appellant's first assignment of error is sustained. The October 6, 2004 order of the Summit County Court of Common Pleas, which granted appellee's motions for reconsideration and for stay of judgment, is vacated. Accordingly, the June 4, 2004 judgment entry is reinstated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Batchelder, J. Concur