[Cite as *Copen v. CRW, Inc.*, 2018-Ohio-2347.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | |
|---|---|
| TOMMY COPEN | C.A. No.      17AP0016 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CRW, INC. | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellee | CASE No.      13 CV 0129 |

DECISION AND JOURNAL ENTRY

Dated: June 18, 2018

HENSAL, Judge.

{¶1}  Tommy Copen appeals from the judgment of the Wayne County Court of Common Pleas that granted summary judgment in favor of CRW, Inc. We affirm in part, and reverse in part.

I.

{¶2}  This Court previously set forth the underlying facts of this case as follows:

CRW, Inc. ("CRW") hired Mr. Copen to work as a truck driver in 2009.  Mr. Copen suffered a workplace injury in 2010 and subsequently filed a workers' compensation claim.  The Bureau of Workers' Compensation allowed the claim for a lumbosacral sprain and contusion to the right foot.  As a result of his injuries, CRW offered Mr. Copen a light duty position that included washing the trucks, which he accepted.  The light duty position, like his truck driving position, did not require Mr. Copen to work on the weekends.

According to CRW, due to a seasonal change in the flow of business, it offered Mr. Copen a new light duty position that would require him to work on the weekends.  The offer required Mr. Copen to report to work the following day, a Saturday.  Mr. Copen, however, did not report to work the next day.  Instead, he reported to work as usual on the following Monday to discuss the change in his schedule with Dennis Brown, CRW's Director of Safety and Human Resources.

There is no dispute that Mr. Copen was upset about the proposed schedule change because it required him to work on the weekends, so he declined the offer. Mr. Brown did not provide Mr. Copen with an alternative schedule and, according to CRW, Mr. Copen became irate and stormed out of Mr. Brown's office.

There is no dispute that Mr. Copen's employment with CRW ended after his meeting with Mr. Brown. There is a dispute, however, as to whether Mr. Copen quit, or whether CRW fired him. According to CRW, Mr. Copen voluntarily terminated his employment due to his insubordination in refusing to accept the new light duty work schedule. Mr. Copen, on the other hand, maintains that CRW terminated him and that it changed his work schedule in an attempt to force him to quit.

*Copen v. CRW, Inc.*, 9th Dist. Wayne No. 15AP0034, 2017-Ohio-349, ¶ 2-4.

**{¶3}** As a result of his termination, Mr. Copen sued CRW in 2010, but dismissed that action without prejudice. *Id.* at ¶ 5. He then re-filed his case and asserted claims for retaliation in violation of Revised Code Section 4123.90 based upon his pursuit of a workers' compensation claim, and disability discrimination in violation of Section 4112.02 based upon his actual or perceived disability. Relevantly, after a period of discovery, CRW moved for summary judgment on both of Mr. Copen's claims. *Id.* at ¶ 6. This Court previously summarized that motion, as well as Mr. Copen's response, as follows:

CRW advanced several arguments in its motion, including: (1) Mr. Copen could not establish that CRW retaliated against him or took any adverse employment action against him because he terminated his own employment and the change in his schedule did not constitute an adverse employment action; (2) even if CRW did take an adverse employment action against him, it had legitimate, non-discriminatory and non-retaliatory reasons for doing so; (3) Mr. Copen could not establish that he was disabled, or that CRW perceived him as being disabled, for purposes of his disability discrimination claim; and (4) Mr. Copen could not establish that CRW's proffered legitimate, non-discriminatory and non-retaliatory reasons for taking any adverse employment actions were a mere pretext for unlawful retaliation and discrimination.

In response, Mr. Copen argued that CRW did, in fact, take an adverse employment action against him by materially changing his work schedule and by terminating him after he told CRW that he would be unable to comply with the new schedule. He further argued that CRW's proffered legitimate, non-retaliatory and non-discriminatory reasons for doing so were a mere pretext for unlawful

retaliation and discrimination. In support of his argument, Mr. Copen asserted that CRW's President (Mr. Wood) and Director of Safety and Human Resources (Mr. Brown) expressed disdain regarding his injuries, questioned their legitimacy, and believed that he was manipulating the system in order to obtain benefits. He further asserted that CRW was aware that he could not work on weekends and changed his schedule in an attempt to force him to quit so that it would not have to pay him unemployment benefits. Regarding CRW's claim that he could not establish that he is disabled, Mr. Copen argued that he is disabled as defined in Section 4112.01(A)(13) because his physical injuries limit his ability to walk, stand, and work. He also argued that CRW perceived him as being disabled because it knew about his injuries and received certain medical notes and test results regarding his condition.

*Id.* at ¶ 6-7.

{¶4} The trial court granted CRW's motion, holding that no genuine issue of material fact remained, and that CRW was entitled to judgment as a matter of law. Mr. Copen appealed, raising three assignments of error for our review. *Id.* at ¶ 8. On appeal, he challenged the trial court's grant of summary judgment, as well as its denial of another motion and its failure to strike an affidavit from the record. *Id.* at ¶ 9, 14, 19. This Court affirmed the trial court's decision on the latter two assignments of error. *Id.* at ¶ 18, 20. With respect to the trial court's grant of summary judgment in favor of CRW, this Court reviewed the summary-judgment briefing and the trial court's order. We ultimately determined that – given the complexity of the case and the number of arguments presented – we could not properly review the trial court's order because it provided no explanation of its reasoning. *Id.* at ¶ 11-13. We, therefore, remanded the matter for further proceedings.

{¶5} After this Court issued its decision, CRW filed a renewed motion for summary judgment with the trial court. According to Mr. Copen, his counsel called the trial court and spoke with someone who indicated that the trial court would not be considering CRW's renewed motion, and that the trial court did not want additional briefing from Mr. Copen. Mr. Copen asserts that his counsel relied upon these representations and, consequently, did not file a brief in

opposition to CRW's renewed motion. Thereafter, the trial court issued a new order granting CRW's motion for summary judgment wherein the trial court explained its reasoning. Mr. Copen then filed a motion to vacate the trial court's judgment under Civil Rule 60(B) and, before the trial court ruled on that motion, filed a notice of appeal with this Court. The trial court then denied Mr. Copen's motion to vacate, and Mr. Copen filed an amended notice of appeal to incorporate that ruling. Mr. Copen's appeal raises four assignments of error for our review. For ease of consideration, we will address his first two assignments of error together.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE CONTRARY TO THIS COURT'S PRIOR REMAND WITHOUT RULING ON THE ORIGINAL MOTION FOR SUMMARY JUDGMENT.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN CONSIDERING APPELLEE'S MOTION TO "RENEW" ORDER GRANTING SUMMARY JUDGMENT WHEN THE TRIAL COURT ASSURED APPELLANT THAT NO BRIEFING FILED AFTER THE ORIGINAL APPEAL WOULD BE CONSIDERED OR REVIEWED BY THE TRIAL COURT.

{¶6} In his first assignment of error, Mr. Copen asserts that the trial court erred by considering CRW's renewed motion for summary judgment, which CRW filed after this Court's remand. He asserts that the parties fully briefed the issues in their original motions, and that this Court remanded the matter for the limited purpose of having the trial court explain its reasoning. Relatedly, in his second assignment of error, Mr. Copen asserts that the trial court erred by considering CRW's renewed motion after someone from the court advised him that the trial court would not consider it, and that the trial court did not want additional briefing from Mr. Copen. Mr. Copen asserts that he relied upon these representations and, consequently, did not file a brief

in opposition to CRW's renewed motion. He asserts that he suffered prejudice because the trial court did, in fact, rely upon CRW's renewed motion, which was evidenced by the fact that "significant portions" of the trial court's judgment entry were nearly identical to CRW's renewed motion.

{¶7} We begin our analysis by noting that the appellant has the burden on appeal. *State v. Stevenson*, 9th Dist. Summit No. 24408, 2009-Ohio-2455, ¶ 21, citing App.R. 16(A)(7). Under Appellate Rule 16(A)(7), the appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." If the appellant's brief fails to do so, this Court may disregard the assignment of error. *Dudas v. Belinger*, 9th Dist. Summit No. 21580, 2003-Ohio-6118, ¶ 13, citing App.R. 12(A)(2) and 16(A)(7).

{¶8} Here, despite asserting that the trial court erred by considering CRW's renewed motion, Mr. Copen has cited no authority in support of his position. *See* App.R. 16(A)(7). Additionally, his first and second assignments of error fail to contain any relevant citations to the record. For example, although he asserts that "significant portions" of the trial court's order are nearly identical to CRW's renewed motion, he fails to identify what portions he is referring to. Indeed, the only citation to the record is in his second assignment of error, wherein he cites CRW's assertion that a trial court speaks only through its journal entries, and that no journal entry indicated that the trial court would not consider a brief in opposition to its renewed motion for summary judgment.

{¶9} In light of Mr. Copen's failure to cite any authority or relevant parts of the record in support of his position, we disregard his first and second assignments of error.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE JUDGMENT.

{¶10} In his third assignment of error, Mr. Copen argues that the trial court erred by denying his motion to vacate. We agree, but for a different reason than what Mr. Copen has argued.

{¶11} As previously noted, the trial court denied Mr. Copen's motion to vacate after he filed a notice of appeal with this Court. The Ohio Supreme Court, however, has held that "an appeal divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment." *Howard v. Catholic Social Servs.*, 70 Ohio St.3d 141, 147 (1994). "The trial court may only consider a Civ.R. 60(B) motion for relief from judgment after the filing of an appeal[] if the appellate court has remanded the matter to the trial court for such consideration, thereby conferring jurisdiction upon the trial court." *Pine v. Haddox Installation Servs., LLC*, 9th Dist. Summit No. 22391, 2005-Ohio-3635, ¶ 10, citing *Howard* at 147. This Court did not do so. Accordingly, the trial court lacked jurisdiction to consider Mr. Copen's motion to vacate. Mr. Copen's third assignment of error is sustained on that basis, and the trial court's May 15, 2017, judgment entry is vacated. *Pine* at ¶ 10.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE WHEN THERE ARE GENUINE ISSUES OF MATERIAL FACT.

{¶12} In his fourth assignment of error, Mr. Copen argues that the trial court erred by granting CRW's motion for summary judgment because genuine issues of material fact remained. We review a trial court's award of summary judgment de novo. *Grafton v. Ohio*

*Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Under Civil Rule 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶13} The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)[.]" *Id.* at 292. If the moving party meets this burden, then the nonmoving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.* at 293. The nonmoving party "may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact." *Garvey v. Vermilion*, 9th Dist. Lorain No. 10CA009873, 2012-Ohio-1258, ¶ 12.

{¶14} We begin our analysis by addressing the trial court's judgment relative to Mr. Copen's claim for retaliation under Section 4123.90. Section 4123.90 provides that:

> [n]o employer shall discharge, demote, reassign, or take any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceedings under the workers' compensation act for an injury or occupational disease which occurred in the course of and arising out of his employment with that employer.

{¶15} Claims under Section 4123.90 are analyzed under a burden-shifting framework. *Harris v. OHNH EMP, LLC*, 9th Dist. Summit No. 27455, 2015-Ohio-3212, ¶ 14. That framework requires the plaintiff to set forth a prima facie case of retaliation by showing: (1) that

he suffered a workplace injury; (2) that he filed a workers' compensation claim; and (3) that a causal connection exists between the claim and the adverse employment action. *Id.* "Generally, an adverse employment action is a materially adverse change in the terms and conditions of the plaintiff's employment." *Canady v. Rekau & Rekau, Inc.*, 10th Dist. Franklin No. 09AP-32, 2009-Ohio-4974, ¶ 25. This includes "firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.*, quoting *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir.2007). On the other hand, "[e]mployment actions that result in mere inconvenience or an alteration of job responsibilities are not disruptive enough to constitute adverse employment actions." *Canady* at ¶ 25. Notably, courts have held that a scheduling dispute does not rise to the level of an adverse employment action. *See, e.g.*, *Brown v. Georgetown Univ. Hosp. Medstar Health*, 828 F.Supp.2d 1, 8 (D.D.C.2011) (addressing a Title VII claim and stating that "[a] scheduling dispute, without evidence of a material change in responsibilities or employment status, is not an adverse employment action.").

{¶16} If a plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Harris* at ¶ 14. "If the employer does so, the burden shifts back to the plaintiff to demonstrate that the reason offered for the termination is a pretext for retaliation." *Id.*, quoting *Rivers v. Cashland*, 9th Dist. Summit No. 26373, 2013-Ohio-1225, ¶ 13.

{¶17} Here, as previously noted, Mr. Copen argued that the change in his work schedule to include weekend hours and his subsequent termination constituted adverse employment actions.[1] The trial court disagreed. In doing so, the trial court determined that Mr. Copen

---

[1] We note that Mr. Copen also argued that Ohio Administrative Code 4121-3-32 requires an employer to provide an employee with at least 48-hours notice prior to commencing a Work Transitional Duty Request. He argued that CRW violated this code section by failing to provide

voluntarily quit his job because the weekend hours interfered with his weekend activities, which included car racing with his son. The trial court further determined that, even if CRW did terminate him for refusing to work his scheduled hours, that decision did not amount to retaliation because CRW had the right to fire him for doing so. As a result, the trial court concluded that Mr. Copen failed to establish a prima facie case of retaliation under Section 4123.90.

{¶18} As the trial court noted, the record reflects that Mr. Copen refused the new light duty schedule because it interfered with his weekend activities. While the parties disputed whether Mr. Copen quit, or whether CRW fired him, that dispute is immaterial under these facts. The undisputed fact remains that Mr. Copen's employment with CRW ended after he refused to work the new light duty schedule. Even if CRW did terminate Mr. Copen for refusing the new schedule, CRW was free to do so because Section 4123.90 "protects only against termination in direct response to the filing or pursuit of a workers' compensation claim." *Goersmeyer v. Gen. Parts*, *Inc.*, 9th Dist. Medina No. 06CA00045-M, 2006-Ohio-6674, ¶ 8, quoting *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, ¶ 36 (10th Dist.).

{¶19} Under these facts, we cannot say that the trial court erred by determining that Mr. Copen did not suffer an adverse employment action as a result of his filing and pursuit of his workers' compensation claim. We, therefore, hold that the trial court did not err by granting summary judgment in favor of CRW on Mr. Copen's claim for retaliation under Section 4123.90.

---

him with 48-hours notice. As the trial court noted, that code section governs administrative proceedings relative to temporary total disability, which is inapplicable in this case.

{¶20} We now turn to Mr. Copen's claim for disability discrimination under Section 4112.02. Section 4112.02(A) provides that it is unlawful "[f]or any employer, because of the * * * disability * * * of any person, to discharge without just cause, * * * or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." That section governs both actual and perceived disabilities. *See* 4112.01(A)(13) (defining"[d]isability" as a "physical or mental impairment that substantially limits one or more major life activities, * * * or being regarded as having a physical or mental impairment."). On appeal, however, Mr. Copen's argument relates to perceived disability only, and our analysis will do the same.

{¶21} "To establish a prima facie case of perceived disability discrimination, an employee must show: (1) that []he was perceived as disabled, (2) that the employer took an adverse employment action against h[im] because of the perceived disability, and (3) that the employee, although perceived as disabled, can safely and substantially perform the essential functions of the job in question." *Jaber v. FirstMerit Corp.*, 9th Dist. Summit No. 27993, 2017-Ohio-277, ¶ 13.

{¶22} In his brief in opposition to CRW's motion for summary judgment, Mr. Copen argued that CRW perceived him as being disabled because Mr. Brown (CRW's Director of Safety and Human Resources) read a MEDCO-14 form wherein his doctor indicated that Mr. Copen could no longer drive trucks. He also argued that CRW perceived him as being disabled because Mr. Brown reviewed an MRI report and placed it in his file. While Mr. Copen acknowledged that Mr. Wood (CRW's President) testified that he did not perceive Mr. Copen as being disabled, he argued that Mr. Wood's testimony did not mean that Mr. Brown or other CRW employees did not perceive him as disabled.

**{¶23}** The trial court determined that Mr. Copen's assertions in this regard lacked factual support. It determined that, other than testimony indicating that Mr. Brown looked at certain documents, Mr. Copen presented no evidence to indicate that they led Mr. Brown to perceive Mr. Copen as being disabled. It, therefore, held that Mr. Copen failed to meet his reciprocal summary-judgment burden. We agree.

**{¶24}** Mr. Copen pointed to evidence that, at most, indicated that CRW was aware of his injuries. An employer's general knowledge of an injury, however, does not establish that the employer perceived the employee as being disabled for purposes of disability discrimination. *Field v. MedLab Ohio, Inc.*, 8th Dist. Cuyahoga No. 97990, 2012-Ohio-5068, ¶ 32 ("General knowledge about an employee's condition and medical treatment, without more, is not enough for a 'regarded as' [i.e., perceived disability] claim to survive summary judgment."). Because Mr. Copen failed to present evidentiary material that demonstrated a genuine issue of a material fact regarding whether CRW perceived him as being disabled, we hold that the trial court did not err by determining that Mr. Copen failed to establish a prima facie case of disability discrimination. While the trial court then went on to discuss the remaining elements of a prima facie case of disability discrimination, we need not do so because a plaintiff's failure to satisfy any element of a prima facie case is fatal to a disability claim. *Taylor v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 11AP-385, 2011-Ohio-6060, ¶ 20 ("Because an employee must prove all three elements in order to establish a prima facie case of disability discrimination, the failure to establish any single element is fatal to a discrimination claim."). Mr. Copen's fourth assignment of error is overruled.

III.

{¶25} Mr. Copen's first, second, and fourth assignments of error are overruled. Mr. Copen's third assignment of error is sustained, and the trial court's May 15, 2017, judgment entry is vacated. The judgment of the Wayne County Court of Common Pleas is affirmed and order vacated.

Judgment affirmed,
and order vacated.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶26} I respectfully dissent from the judgment of the majority. In the prior appeal, this Court remanded the matter to the trial court so that it could provide reasoning and analysis to support its decision; we did not remand the matter for the trial court to consider additional evidence or argument. *See Copen v. CRW, Inc.*, 9th Dist. Wayne No. 15AP0034, 2017-Ohio-349, ¶ 12-13. That decision became the law of the case. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 5 (1984) (holding that "that absent extraordinary circumstances, such as an intervening decision by [the Supreme Court], an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case[]"). Accordingly, when the trial court considered CRW's post-appeal motion in ruling on the motion for summary judgment, which contained additional argument, the trial court exceeded the scope of our remand. Thus, I would sustain Copen's first assignment of error and remand the matter for the trial court to comply with this Court's prior decision.

APPEARANCES:

NATALIE F. GRUBB and MARK E. OWENS, Attorneys at Law, for Appellant.

SUSAN E. BAKER, Attorney at Law, for Appellee.