[Cite as *Souare v. Tiltscher*, 2026-Ohio-437.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ELHADJ A.M. SOUARE

    Appellant

    v.

ELIZABETH TILTSCHER

    Appellee

C.A. No.     31516

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DR 2023 01 0115

DECISION AND JOURNAL ENTRY

Dated: February 11, 2026

CARR, Presiding Judge.

{¶1}   Appellant, Elhadj Souare ("Father"), appeals, pro se, the judgment of the Summit County Court of Common Pleas, Domestic Relations Division.  This Court affirms.

I.

{¶2}   In 2023, Father filed a complaint for parentage, allocation of parental rights and responsibilities, and parenting time in regard to a child for which he was the biological father and Tiltscher ("Mother") was the biological mother.  The matter proceeded to a hearing before a magistrate, although Father did not participate.[1]  On November 28, 2023, a magistrate issued a decision designating Mother as the residential parent and legal custodian of the child.  The magistrate ordered parenting time for Father and further ordered that he pay child support in the

---

[1] The magistrate noted in its decision that Father arrived at the hearing an hour late.  Upon being informed that he was late, Father turned around and exited the courtroom.  The magistrate attempted to alert security to ask Father to return to the courtroom but those efforts were unsuccessful.

amount of $162.42 per month, plus a two percent processing charge. The trial court adopted the magistrate's decision the same day it was journalized.

{¶3} Approximately one year later, Father filed a series of four motions asking the trial court to revisit the custody arrangement. On November 12, 2024, Father filed a motion seeking custody of the child on the basis of safety concerns. Father filed a similar motion on December 12, 2024. On December 18, 2024, Father filed an objection to the administrative child support order. Finally, on January 21, 2025, Father filed a motion for a change of parental rights and responsibilities.

{¶4} Thereafter, the parties appeared for an evidentiary hearing before a magistrate on Father's motions. After the hearing, the magistrate issued a decision denying all four motions on May 19, 2025. The trial court adopted the magistrate's decision the same day. Father promptly filed a notice of appeal.

{¶5} On appeal, Father raises four assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ADOPTING A MAGISTRATE'S DECISION WITHOUT CONDUCTING A DE NOVO REVIEW OR ENSURING DUE PROCESS.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT MEANINGFUL PARTICIPATION IN THE CUSTODY PROCESS.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT'S JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS AND PARENTAL AUTHORITY UNDER THE U.S. AND OHIO CONSTITUTIONS.

{¶6}  Father raises four assignments of error challenging the trial court's denial of his motions.

{¶7}  Generally, "[t]his Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 17 (9th Dist.). Under an abuse of discretion standard of review, this Court must determine whether the trial court's decision was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "In so doing, we consider the trial court's action with reference to the nature of the underlying matter." *Tabatabai* at ¶ 18.

{¶8}  Initially, we note that while Father raises an array of issues pertaining to the trial court's denial of his motions, he has not supported his assignments of error with citations to the pertinent law and parts of the record necessary to substantiate his claims. *See* App.R. 16(A)(7). Furthermore, while Father's assignments of error ultimately relate to the trial court's custody determination, Father's oral argument to this Court focused largely on his child support obligation, despite the fact that Father did not raise that issue in his brief. *See* App.R. 21(D).

{¶9}  Additionally, a review of the record reveals that Father has forfeited the issues that he attempts to raise in his merit brief. Civ.R. 53(D)(3)(a)(iii) states, in part, that "[a] magistrate's decision shall indicate conspicuously that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)."

In turn, Civ.R. 53(D)(3)(b)(iv) provides that, "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶10} In this case, the trial court adopted the magistrate's decision denying Father's motions on May 19, 2025, the same day the magistrate's decision was issued. A review of the magistrate's decision reveals that the magistrate included conspicuous language providing the parties with notice of the 14-day window to file objections in accordance with Civ.R. 53(D)(3)(a)(iii). On the same day that the trial court adopted the magistrate's decision, Father filed a notice of appeal and initiated the instant appeal. While Father subsequently attempted to file an objection to the magistrate's decision, "[i]t is implicit in Civ.R. 53 that the objections to the Magistrate's Decision be filed before the notice of appeal." *Arthur v. Trimmer*, 2003-Ohio-2034, ¶ 12 (5th Dist.). "[O]nce a case has been appealed, the trial court is divested of jurisdiction except over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment[.]" (Internal quotations and citations omitted.) *Pine v. Haddox Installation Servs., LLC*, 2005-Ohio-3635, ¶ 10 (9th Dist.). Here, because Father failed to file objections to the magistrate's decision, he has forfeited all but plain error on appeal. *See* Civ.R. 53(D)(3)(b)(iv). As Father has not raised a plain error argument, he cannot prevail on his assignments of error.

{¶11} Father's assignments of error are overruled.

5

## III.

{¶12} Father's four assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

ELHADJ AM SOUARE, pro se, Appellant.

ELIZABETH TILTSCHER, pro se, Appellee.